## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    **PATSY H. PITTMAN**                                **CHAPTER 11**
          **Debtor**                                    **CASE NO. 12-10810-DWH**

### EMERGENCY MOTION TO INCUR DEBT TO
### GRANT SECURITY THEREFOR AND FOR OTHER RELIEF

COMES NOW Patsy H. Pittman (the "Debtor") and files this her Second Emergency Motion

to Incur Debt to Grant Security Therefor and For Other Relief (the "Emergency Motion"), and in

support thereof would respectfully show as follows, to-wit:

1.     On February 27, 2012, the Debtor herein filed with this Court her original petition

for reorganization under Chapter 11 of the Bankruptcy Code.

2.     This Honorable Court has jurisdiction of the subject matter herein and the parties

hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 541, 1107, related statutes,

related rules and various orders of reference.  This is a core proceeding.

### Background

3.     The Debtor is the owner of certain farm land that is used in conjunction with and by

other entities for farming.  These entities are Pittman and Co. Farms a Joint Venture of Easter Lily

Farms, Inc., Dixie Lee Farms, Inc., Two Sisters Farms, Inc and Beale Street Farms, Inc. (the

"Farms").  Farms is the series of entities that farms row crops in and around the Quitman County,

Mississippi, area.

4.     Prior to the filing of the Petition herein, the Debtor owed Johnson Brothers Rental

Company, LP, a/k/a Johnson Brothers Realty ("Johnson") certain indebtedness secured by a lien

upon property owned by the Debtor.  On information and belief, the Debtor and, perhaps Farms,

owed Johnson debts in connection with secured debts and production loans for 2012 crops grown by Farms.

5.    The Debtor, and Farms, were past due in connection with certain payments to Johnson.

6.    Farms has crops that have been planted, but without financing, harvesting the crops will not be possible.

7.    The Debtor and Farms have sought, and have obtained, production and restructuring loans for the 2012 crops and to pay past due debts to Johnson.  The prospective lender to the Debtor is Thomas L. Swarek ("Mr. Swarek").  Certain of the financing to be provided to the Debtor and Farms has been, and will be, provided by Mr. Swarek.  *See* this Court's Order dated April 30, 2012 [DK #45], a copy of which is attached hereto and incorporated herein as Exhibit "A".

8.    In addition, Mr. Swarek has agreed to loan sufficient funds and supplies to the Debtor and Farms for crop production financing for crop year 2012 pursuant to the attached Note which is incorporated by reference and marked as Exhibit "B."   The funds will be advanced by Mr. Swarek, in his discretion, as funds are needed to farm.

## Relief Requested

9.    The Debtor and Farms are in need of the use of cash, which would include the use of borrowed funds pursuant to §364 of the Bankruptcy Code to continue their operations, to cultivate, care for, maintain and harvest the 2012. This includes the payment of utility bills, ongoing lease operating expenses, payment for goods and services necessary to maintain normal operations, wages and employee-related expenses, and the other normal categories of expenses and expenditures.

-2-

10.    Mr. Swarek has agreed to make Loans as indicated on the attached Exhibit B, and in the amounts as set forth therein.

11.    The collateral securing the Loans is set forth in Exhibit "B."

12.    The Debtor/Farms is unable in the ordinary course of business or otherwise, to obtain unsecured credit allowable pursuant to section 503(b)(1) of the Bankruptcy Code as an administrative expense pursuant to sections 363 or 364(a) or (b) of the Bankruptcy Code in an amount necessary for the maintenance and preservation of her assets and operation of her business, or secured indebtedness pursuant to section 364(c) of the Bankruptcy Code on terms or from sources other than as provided by the Mr. Swarek pursuant to the terms of this Motion.

13.    Good cause exists for the entry of an Order granting the Motion.  Among other things, entry of an Order will minimize reduction of the Debtor's business, will create value in the 2012 crop, will increase the possibility for a successful orderly reorganization of the Debtor, will maintain the value of the Debtor's assets, and is in the best interests of the Debtor, her creditors and other parties-in-interest.

14.    The terms of the use of post-petition financing outlined herein are for reasonably equivalent value and fair consideration.  The Loans will mature as stated in Exhibit "B" and will be evidenced by standard, reasonable commercial loan documents.

15.    As security for the contemplated Loans, the Debtor and Farms propose that the Mr. Swarek will be granted the same security interest as set forth in the Order granting the prior motion to incur debt, attached as Exhibit "A."

16.    Execution of Documents and Automatic Perfection of Liens.  To evidence the obligations, the creation of security interests as set forth above, and all terms and provisions

-3-

evidencing the agreements between Debtor, Farms, and Mr. Swarek, the Debtor respectfully

requests that she be authorized to execute and deliver to Mr. Swarek, at Mr. Swarek's option, any

and all of the following as may be requested or required by Mr. Swarek, in form and substance

acceptable to Mr. Swarek.

All agreements, instruments and documents of any type or nature, including,

without limitation: security agreements, financing statements, notes, schedules, instruments,

powers of attorney, consents, assignments, contracts, notices, leases, amendments, supplements

and allonges implementing the Security Agreement and security interests and liens granted in

connection therewith, and all other written matter now or from time to time hereafter reasonably

requested by Mr. Swarek.

Notwithstanding the foregoing, all agreements, security interests, and liens

contemplated by this Motion are effective and perfected without further filing by Mr. Swarek in

compliance with any state or federal law.  Mr. Swarek will not be required to file financing

statements or other documents in any jurisdiction or take any other actions in order to perfect

their security interests and liens made or granted under or pursuant to the Motion.  If Mr. Swarek,

in his sole discretion, chooses to file any financing statements, or other documents to otherwise

confirm perfection of such security interests and liens, all such documents shall be deemed to

have been filed or recorded at the time of entry of an Order approving the matter.  However, the

failure of Debtor to execute any such documentation, or failure of Mr. Swarek otherwise to attach

or perfect his security interest in the Collateral under state or federal law, shall in no way affect

the validity, perfection, or priority of the security interests, and liens granted to Mr. Swarek.  As a

result of these "self executing" provisions as to the terms of any post-petition pending between the Debtor, and Mr. Swarek, there is no need to attach copies of any lending documents hereto.

17.     For all of the above and foregoing reasons, the Court should approve the post-petition financing by Mr. Swarek.  The post-petition lending will allow the Debtor and Farms to continue their operations, provide for an orderly reorganization herein and provide additional security to Debtor's creditors that their claims will continue to be paid.

18.     The terms and conditions of any post-petition lending have been negotiated in good faith and at arm's length, and the post-petition lending will be extended in good faith as that term is contemplated in §364(e) of the Bankruptcy Code.

19.     As noted, the terms and conditions of any proposed borrowing by the Debtor from Mr. Swarek will be controlled by the terms hereof.

## Notice

20.     Notice of this Motion has been provided to the known relevant secured parties (Mr. Swarek, ARM and Johnson), the U. S. Trustee, all government agencies and all parties having entered an appearance and requested notice.  The Debtor submits that notice is appropriate and proper under the circumstances and that no further notice is required.

## Conclusion

21.     The Debtor respectfully requests that this Court, upon consideration of the Emergency Motion, will (1) authorize, on an interim basis, the funding requested herein; (2) schedule a final hearing on this Emergency Motion; (3) upon final consideration, approve the borrowing; and (4) grant the Debtor such other and further relief to which it may be entitled.

THIS, the ___ day of June, 2012.

Respectfully submitted,

**PATSY H. PITTMAN**

By Her Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____

Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Margaret Middleton, Esq.
Margaret.Middleton@usdoj.gov

Andy Phillips, Esq.
Aphillips@mitchellmcnutt.com

James P. Wilson, Jr., Esq.
Jwilson@mitchellmcnutt.com

Thomas L. Swarek, Esq.
swarekthomas@aol.com

THIS, the ___ day of June, 2012.

_____

Craig M. Geno

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    **PATSY H. PITTMAN**                          **CHAPTER 11**
          Debtor                              **CASE NO. 12-10810-DWH**

### ORDER

THIS CAUSE is before the Court to set an interim hearing on the ***Emergency Motion to Incur Debt , to Grant Security Therefor and For Other Relief*** [DK #22] (the "Motion") filed by the Debtor herein, the Limited Objection[DK #27] (the "Objection") thereto of Johnson Brothers Rental Company, LP, a/k/a Johnson Brothers Realty ("Johnson"), and the Court having heard and considered arguments in support of, and in opposition to, the Motion and being otherwise fully advised in the premises, finds as follows, to-wit:

1.    On February 27, 2012, the Debtor herein filed with this Court her original petition for reorganization under Chapter 11 of the Bankruptcy Code.

2.    This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 541, 1107, related statutes, related rules and various orders of reference.  This is a core proceeding.

3.    The Debtor is the owner of certain farm land that is used in conjunction with and by other entities for farming.  These entities are Pittman and Co. Farms a Joint Venture of Easter Lily Farms, Inc., Dixie Lee Farms, Inc., Two Sisters Farms, Inc and Beale Street Farms, Inc. (the "Farms").  Farms is the series of entities that farms row crops in and around the Quitman County, Mississippi, area.

4.    Prior to the filing of the Petition herein, the Debtor owed Johnson Brothers Rental Company, LP, a/k/a Johnson Brothers Realty ("Johnson") certain indebtedness secured by a lien



EXHIBIT
"A"

upon property owned by the Debtor.  On information and belief, the Debtor and, perhaps Farms, owed Johnson debts in connection with secured debts and production loans for 2011 crops grown by Farms.

5.    The Debtor, and Farms, are past due in connection with certain payments to Johnson.

6.    Farms will have crops that need to be planted, but without financing, planting the crops will not be possible.

7.    The Debtor and Farms have sought, and have obtained, production and restructuring loans for the 2012 crops and to pay past due debts to Johnson.  The prospective lender to the Debtor is Thomas L. Swarek ("Mr. Swarek").  Certain of the financing to be provided to the Debtor and Farms will be provided by Mr. Swarek and also by AG Resource ARM Management of Cleveland, Ms ("ARM").

8.    Mr. Swarek and ARM have agreed to loan sufficient funds and supplies to the Debtor and Farms for crop production financing for crop year 2012, and to make certain payments to Johnson as reflected on the attached Agreements (the "Loans") which are incorporated by reference and marked as Exhibit "A."

9.    The Debtor and Farms are in need of the use of cash, which would include the use of borrowed funds pursuant to §364 of the Bankruptcy Code to continue their operations, to cultivate, care for, maintain and harvest the 2012 crop and to make payments to Johnson. This includes the payment of utility bills, ongoing lease operating expenses, payment for goods and services necessary to maintain normal operations, wages and employee-related expenses, and the other normal categories of expenses and expenditures.  Also, as noted, certain of the borrowed

-2-

funds will be used to pay Johnson. Also, as noted in paragraph 20, certain of the borrowed funds will be used to pay Johnson as stated therein.

10.     Mr. Swarek and ARM have agreed to make Loans as indicated on the attached Exhibit A, and in the amounts as set forth therein.

11.     The collateral securing the Loans is set forth in Exhibit "A."

12.     The Debtor is unable in the ordinary course of business or otherwise, to obtain unsecured credit allowable pursuant to section 503(b)(1) of the Bankruptcy Code as an administrative expense pursuant to sections 363 or 364(a) or (b) of the Bankruptcy Code in an amount necessary for the maintenance and preservation of her assets and operation of her business, or secured indebtedness pursuant to section 364(c) of the Bankruptcy Code on terms or from sources other than as provided by the Mr. Swarek and ARM pursuant to the terms of this Motion.

13.     Good cause exists for the entry of an Order granting the Motion. Among other things, entry of an Order will minimize reduction of the Debtor's business, will create value in the 2012 crop, will increase the possibility for a successful orderly reorganization of the Debtor, will maintain the value of the Debtor's assets, and is in the best interests of the Debtor, her creditors and other parties-in-interest.

14.     The terms of the use of post-petition financing outlined herein are for reasonably equivalent value and fair consideration. The Loans will mature as stated in Exhibit "A" and will be evidenced by standard, reasonable commercial loan documents.

15.     As security for the contemplated Loans, the Debtor and Farms propose that the Mr. Swarek and ARM will be granted security interests as set forth in Exhibit "A."

-3-

16.    <u>Execution of Documents and Automatic Perfection of Liens</u>. To evidence the

obligations, the creation of security interests as set forth above, and all terms and provisions

evidencing the agreements between Debtor, Farms, Mr. Swarek and ARM, the Debtor

respectfully requests that she be authorized to execute and deliver to Mr. Swarek and ARM, at

Mr. Swarek and ARM's option, any and all of the following as may be requested or required by

Mr. Swarek and ARM, in form and substance acceptable to Mr. Swarek and ARM.

All agreements, instruments and documents of any type or nature, including,

without limitation: security agreements, financing statements, notes, schedules, instruments,

powers of attorney, consents, assignments, contracts, notices, leases, amendments, supplements

and allonges implementing the Security Agreement and security interests and liens granted in

connection therewith, and all other written matter now or from time to time hereafter reasonably

requested by Mr. Swarek and ARM.

Notwithstanding the foregoing, all agreements, security interests, and liens

contemplated by this Motion are effective and perfected without further filing by Mr. Swarek and

ARM in compliance with any state or federal law. Mr. Swarek and ARM will not be required to

file financing statements or other documents in any jurisdiction or take any other actions in order

to perfect their security interests and liens made or granted under or pursuant to the Motion. If

Mr. Swarek and ARM, in their sole discretion, choose to file any financing statements, or other

documents to otherwise confirm perfection of such security interests and liens, all such

documents shall be deemed to have been filed or recorded at the time of entry of an Order

approving the matter. However, the failure of Debtor to execute any such documentation, or

failure of Mr. Swarek and ARM otherwise to attach or perfect their security interest in the

Collateral under state or federal law, shall in no way affect the validity, perfection, or priority of the security interests, and liens granted to Mr. Swarek and ARM. As a result of these "self executing" provisions as to the terms of any post-petition pending between the Debtor, Mr. Swarek and ARM, there is no need to attach copies of any lending documents hereto.

17.    For all of the above and foregoing reasons, the Court approves the post-petition financing by Mr. Swarek and ARM. The post-petition lending will allow the Debtor and Farms to continue their operations, provide for an orderly reorganization herein and provide additional security to Debtor's creditors that their claims will continue to be paid.

18.    The terms and conditions of any post-petition lending have been negotiated in good faith and at arm's length, and the post-petition lending will be extended in good faith as that term is contemplated in §364(e) of the Bankruptcy Code.

19.    As noted, the terms and conditions of any proposed borrowing by the Debtor from Mr. Swarek and ARM will be controlled by the terms hereof.

20.    The use of loan proceeds shall be as set forth in Exhibit "A". Specifically, the loan proceeds shall be paid as follows:

(a)    $148,000.00 of the advances from Mr. Swarek to the Debtor shall be used to pay to Johnson to bring Johnson's first mortgage on land owned by the Debtor current. The Debtor shall pay Johnson $148,000.00 within seven (7) days of receipt of the funding contemplated by the Agreement attached as Exhibit "A";

(b)    $41,000.00 shall be used to satisfy Johnson's remaining indebtedness secured by the 2011 crops. The Debtor shall pay Johnson $41,000.00 within seven (7) days of receipt of the funding contemplated by the Agreement attached as Exhibit "A";

(c)    $24,000.00, paid in increments of $2,000.00 per month for the remaining months of the 2012 calendar year, for the Debtor's living expenses;

-5-

(d)    $58,000.00 advance for the rent due by Farms on various leases held by Farms in its 2011 Farm Plan in Quitman County, Mississippi;

(e)    $38,000.00 to be utilized by Farms to apply Roundup chemicals to 3,100 acres;

(f)    $253,000.00 for 640 sacks of Monsanto corn (or its equivalent) and 533 sacks of Monsanto Roundup Ready (or its equivalent);

(g)    $272,000.00 guaranteed administration fee and profit for Mr. Swarek for crop year 2012.

21.    11 U.S.C. § 363(c)(2) prohibits the Debtor from using any Cash Collateral unless all interested parties consent thereto or upon authorization by the Court. Johnson has not heretofore consented to the Debtor's use of the Cash Collateral. Nevertheless, to resolve the Motion and Johnson's limited objection thereto, the parties hereto agree and the Court finds that the parties have consented to the Debtor's use of the annual rent up to and including $24,000.00 for the calendar year of 2012. The balance, or $96,000.00, remains Johnson's Cash Collateral and shall be segregated by the Debtor and/or Pittman & Co. Farms in a separate account with a reputable and FDIC insured banking institution or a separate "debtor-in-possession account" as contemplated by the rules and regulations of the United States Trustee's office. The Debtor and/or Pittman & Co. Farms are hereby prohibited from using, spending, or otherwise disposing of the balance of the Total Annual Rent before December 15, 2012 or at any other time thereafter, until further order of the Court or subsequent agreement of the parties.

22.    Notice and a hearing of the Motion has been provided to the known relevant secured parties (Mr. Swarek, ARM and Johnson), the U. S. Trustee, all government agencies, all creditors and all parties having entered an appearance and requested notice. Notice is appropriate and proper under the circumstances and that no further notice is required.

-6-

23.    As noted, the terms and conditions of any proposed borrowing by the Debtor from the Lender will be controlled by the terms hereof.

24.    The Motion is hereby granted, subject to the foregoing terms, conditions and provisions of this Order.

25.    This is a final judgment as contemplated by the applicable Bankruptcy Rules.

SO ORDERED, this the _30th_ day of _April_____, 2012.

_____
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE


APPROVED AND AGREED:

_____
Craig M. Geno, Esq.
Attorney for the Debtor


_See attached signature page_____
James P. Wilson, Jr., Esq.
Attorney for John Brothers rental Company,
a/k/a Johnson Brothers Realty


PRESENTED BY:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile
F:\Users\Bankrupt\Pitman, Patsy\Pleadings\Incur Debt\Final Order.wpd

23.    As noted, the terms and conditions of any proposed borrowing by the Debtor from the Lender will be controlled by the terms hereof.

24.    The Motion is hereby granted, subject to the foregoing terms, conditions and provisions of this Order.

25.    This is a final judgment as contemplated by the applicable Bankruptcy Rules.

SO ORDERED, this the _____ day of _____, 2012.

_____
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE


APPROVED AND AGREED:


_____
Craig M. Geno, Esq.
Attorney for the Debtor


_____
James P. Wilson, Jr., Esq.
Attorney for John Brothers rental Company,
a/k/a Johnson Brothers Realty


PRESENTED BY:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile
P:\Users\Bankrupt\Pittman, Patsy\Pleadings\Incur Debt\Final Order.wpd

-7-

23.    As noted, the terms and conditions of any proposed borrowing by the Debtor from the Lender will be controlled by the terms hereof.

24.    The Motion is hereby granted, subject to the foregoing terms, conditions and provisions of this Order.

25.    This is a final judgment as contemplated by the applicable Bankruptcy Rules.

SO ORDERED, this the _____ day of _____, 2012.

_____
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE

APPROVED AND AGREED:

_____
Craig M. Geno, Esq.
Attorney for the Debtor

_____
James P. Wilson, Jr., Esq.
Attorney for John Brothers rental Company,
a/k/a Johnson Brothers Realty

PRESENTED BY:

Craig M. Geno, MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile
P:\Users\Bankrupt\Johnson, Patsy\Pleadings\Interim Debt\Final Order.wpd

-7-

# AGREEMENT

*Paragraph A.*

   This agreement made and entered into on March 22" 2012 by and between Patsy H. Pittman individually of P.O. Box 160, Darling MS 38623 hereinafter referred to as "Pittman", and Pittman and Co. Farms a Joint Venture of Easter Lily Farms, Inc., Dixie Lee Farms, Inc., Two Sisters Farms, Inc. and Beale Street Farms, Inc. of 227 Jackson Road, Sledge MS 38680 referred to as "Farms", and Thomas L. Swarek, of 1261 Pass Road, Gulfport MS 39501 referred to as "Swarek".

   Whereas all parties are desirous in entering into an agreement where "Swarek" advances money and is paid a guaranteed profit that is all due by December 31, 2012 secured by a

**1.** Second Mortgage on approximately (800) Eight Hundred acres of farmland owned by "Pittman" and hereinafter referred to as "Land", and a

**2.** First Mortgage on approximately ($105,000.00) One Hundred Five Thousand Dollars in direct government payments due to "Farms" from its 2012 Farm Plan in Quitman County Mississippi.

**3.** Approximately ($80,000.00) Eighty Thousand Dollars in conservation stewardship program due to "Farms" from Quitman County Mississippi for "Farms" 2012 Farm Plan.

**4.** Any payment that will be due to "Farms" in the Quitman County Mississippi for the year 2012, 2011 and 2010 sure payments due to "Farms" hereinafter referred to as "Payment".

**5.** A First Mortgage on all crops planted on approximately (3,100) Three Thousand One Hundred acres to be farmed by "Farms" in 2012 in Quitman County and hereinafter referred to as "Crops". This Crop Mortgage will be subordinated to AG Resource ARM Management of Cleveland, MS.

**6.** A Second Mortgage on all crop insurance that "Farms" has procured for 2012. This First Mortgage on crop insurance will be to AG Resource ARM Management of Cleveland, MS.

*Paragraph B.*

   For and in consideration of "Swarek" advancing to "Pittman" ($148,000.00) One Hundred Forty-Eight Thousand Dollars to be paid to the First Mortgage holder of "Pittman" (800) Eight Hundred acres located in Quitman County, Mississippi (Johnson Brothers Rental Company, LP" of P.O. Box 897 Lula MS) hereinafter referred to as "Johnson" to bring current the land loan from "Johnson" to "Pittman" and advancing ($41,000.00) to "Pittman" in order that "Pittman" pays the balance due to "Johnson" for the 2011 Crop Year Loan, and advancing the sum of ($24,000.00) Twenty-Four Thousand Dollars so that "Pittman" is paid ($2,000.00) Two Thousand Dollars per month rent for the next (12) Twelve months, these payments are also described in Paragraph C as advances. "Pittman" agrees to sign all necessary legal documents to provide a legally valid and approved by "Swarek" Second Mortgage due by December 31, 2012 on the (800) Eight hundred acres of land "Pittman" owns that is described in the First Mortgage filed of record in Book 264 Pages 546-566 in Quitman County Mississippi showing "Johnson" as the First Mortgage holder.



EXHIBIT

"A"

**Paragraph C.**

This Second Mortgage described in above paragraph to "Swarek from "Pittman" shall be in the amount of ($834,000.00) Eight Hundred Thirty-Four Thousand Dollars which represents the following inputs to "Farms" along with an administrative fee and profit for "Swarek" which also includes the payments described in the above Paragraph B. from "Swarek" to "Pittman".

1.  $148,000.00 to "Pittman" to bring current the 2011 payment due "Johnson" on First Mortgage on (800) acres. This payment is also described in above Paragraph B.

2.  $ 58,000.00 Advance for rent due by "Farms" on various leases identified by leases held by "Farms" in 2011 Farm Plan in Quitman County Mississippi.

3.  $ 41,000.00 Advance for 2011 crop payment to "Pittman" for the "Johnson" balance of 2011 crop loan due by "Pittman" and "Farms". This payment is also described in above Paragraph B.

4.  $ 88,000.00 To pay for "Farms" to apply roundup to (8,100) acres.

5.  $ 24,000.00 To "Pittman" for rent. This payment is also described in above Paragraph B.

6.  $253,000.00 For (640) sacks monasanto bt corn or equivalent and (533) sacks monasanto roundup ready or equivalent.

7.  $272,000.00 Guaranteed administration fee and profit for "Swarek" for 2012 year to be Paid by "Swarek" to "Swarek".

ADVANCES TOTLAING _____    $834,000.00

**Paragraph D.**

It is understood by all parties that if any in the event "Farms" makes no payments or partial payments toward the ($834,000.00) due to "Swarek" by December 31, 2012 then in that event all or part of the ($834,000.00) that is remaining due and owing to "Swarek" after all "Farms" payments are applied if any by December 31, 2012. Any amounts due and owing after December 31, 2012 shall accrue interest at the rate of (10%) APR and all reasonable attorney fee's incurred by "Swarek" in the collection process will be added to the balance due and that balance shall be foreclosed by "Swarek's" Second Mortgage described in Paragraph B.

"Pittman" fully understands she is pledging her (800) acres for the ($835,000.00) required by "Swarek" to fund this agreement and the amount of money funded by "Swarek" will allow her to dismiss her bankruptcy and fund "Farms" to farm for the crop year 2012.

*Paragraph E.*

All parties agree if in the event any legal preceding are necessary pertaining to this agreement the court of jurisdiction shall be held in Humphreys County Mississippi.

*Paragraph F.*

This agreement may only be altered by a written amendment signed by all parties and no oral agreement shall apply to this agreement.

*Paragraph G.*

Out of the first funding by Ag Resource Management "ARM" to "Farms" for the 2012 crop year. The ($58,000.00) advancement the ($38,000.00) to apply roundup and the ($24,000.00) shall be paid by "Farms" to "Swarek" on the 2012 advances made by "Swarek.

*Paragraph H.*

"Swarek" agrees to use his best efforts and contact Met Life in order to request Met Life to consider a loan to "Pittman" to refinance the First Mortgage on the (800) acres. "Swarek" makes no representations or guarantees that Met Life will loan any money on the (800) acres but only to ask Met Life to look at the loan and "Swarek" will recommend to Met Life that they consider the loan to "Pittman" for the purpose of refinancing.

*Paragraph I.*

Conditions Required Before Any Funding By "Swarek" for the year 2012.

1.  Bankruptcy filed by "Pittman" must be dismissed.

2.  Written approval from "Johnson" for "Swarek" Second Mortgage to be filed of record.

3.  Approved by "Swarek" a legal valid Second Mortgage on approximately (800) Eight hundred acres described in First Mortgage recorded May 26, 2010 Book 264 Pages 546-566 in Quimin County Mississippi with the same wording on Second Mortgage to "Swarek" as was used by "Johnson" in the First Mortgage to "Pittman" with the heading of Deed of Trust and written Security Agreement.

4.  Legal valid UCC1's on all crops to be planted on "Farms" (3100) acres of leased land described in "Farms" 2011 Farm Plan at Quimin County Mississippi, this mortgage shall subordinated to Ag Resource ARM Management of Cleveland Mississippi.

5.  Complete Release of Mortgage and all associated FSA documents in the amount of ($562,000.00) Five Hundred Sixty-Two Thousand Dollars filed by "Johnson" in Quimin County Mississippi in Book 268 Pages 454-473 for 2011 crop loan in favor of "Swarek" and approved by "Swarek.

*Paragraph E.*

All parties agree if in the event any legal preceding are necessary pertaining to this agreement the court of jurisdiction shall be held in Humphreys County Mississippi.

*Paragraph F.*

This agreement may only be altered by a written amendment signed by all parties and no oral agreement shall apply to this agreement.

*Paragraph G.*

Intentionally Left Blank.

*Paragraph H.*

"Swarek" agrees to use his best efforts and contact Met Life in order to request Met Life to consider a loan to "Pittman" to refinance the First Mortgage on the (800) acres. "Swarek" makes no representations or guarantees that Met Life will loan any money on the (800) acres but only to ask Met Life to look at the loan and "Swarek" will recommend to Met Life that they consider the loan to "Pittman" for the purpose of refinancing.

*Paragraph I.*

<u>Conditions Required Before Any Funding By "Swarek" for the year 2012.</u>

1. Bankruptcy filed by "Pittman" must be dismissed.

2. Written approval from "Johnson" for "Swarek" Second Mortgage to be filed of record.

3. Approved by "Swarek" a legal valid Second Mortgage on approximately (800) Eight hundred acres described in First Mortgage recorded May 26, 2010 Book 264 Pages 546-566 in Quitman County Mississippi with the same wording on Second Mortgage to "Swarek" as was used by "Johnson" in the First Mortgage to "Pittman" with the heading of Deed of Trust and written Security Agreement.

4. Legal valid UCC1's on all crops to be planted on "Farms" (3100) acres of leased land described in "Farms" 2011 Farm Plan at Quitman County Mississippi, this mortgage shall subordinated to Ag Resource ARM Management of Cleveland Mississippi.

5. Complete Release of Mortgage and all associated FSA documents in the amount of ($562,000.00) Five Hundred Sixty-Two Thousand Dollars filed by "Johnson" in Quitman County Mississippi in Book 268 Pages 454-478 for 2011 crop loan in favor of "Swarek" and approved by "Swarek.

6. Promissory Note executed by "Pittman" to "Swarek" in the amount of ($835,000.00) Eight Hundred Thirty-Five Thousand Dollars due by December 31, 2012 showing any past due

6.  Promissory Note executed by "Pittman" to "Swarek" in the amount of ($835,000.00) Eight Hundred Thirty-Five Thousand Dollars due by December 31, 2012 showing any past due amounts accruing at (10%) interest from December 31, 2012 along with any reasonable attorney fees incurred by "Swarek" in the case of collections.

7.  Promissory Note and Security Agreement executed by "Farms" in favor of "Swarek" in the amount of ($835,000.00) Eight Hundred Thirty-Five Thousand Dollars along with UCC1's or any and all other legal documents in order to secure "Swarek". Identical documents to the Mortgage and other documents filed by "Johnson" for the 2011 Crop Loan to "Farms".

8.  FSA Quitman County Mississippi Form CCC-36 Assignment of Payments, Quitman County Mississippi NRCS-CPA-1236 Assignment of Payment for both Assignments to be executed by "Farms" showing "Swarek" as the beneficiary.

*Paragraph I.*

After December 31, 2012 and the following actions or conditions are performed by "Farms" and "Pittman" by December 31, 2012.

1.  Full payment to "Swarek" of ($834,000.00)

2.  "Farms" and "Pittman" have made the 2012 ($148,000.00) payment due on the (800) acres to "Johnson".

3.  All crop leases (with the same conditions as 2012) that were farmed in 2012 by "Farms" are available for lease to "Farms" in 2013 or 2014 approximately (3,100) acres.

4.  There are no liens or assignments on the 2013 or 2014 crops or government payments to be planted on the (3,100) acres, except the AG Resource Management "ARM" used to farm in 2013 and 2014.

5.  AG Resource Management "ARM" has been paid in full by "Farms" for the 2012 crop loan.

6.  Any other debts due from the 2012 crop year farming operation including but not limited to equipment rentals or purchase payments on equipment incurred in 2012.


All parties firmly agree and mutually legally bind each other to continue the funding and financing arrangement for the years 2013 and 2014.

Administrative and funding amounts furnished by "Swarek" to "Farms" will be in the amounts and with identical documents furnished by "Farms" in favor of "Swarek" used in the 2012 funding that secured "Swarek" in 2012 including but not limited to a Second Mortgage on the (800) acres and land owned by "Pittman" which mortgage "Pittman" agrees to provide to "Swarek" for 2013 and 2014 in the amounts described below stating total for 2013 ($725,000.00) and total for 2014 ($725,000.00).

_____
Patsy H. Pittman, Individually

_____
Thomas L. Swarek


STATE OF MISSISSIPPI
COUNTY OF HARRISON


        Personally appeared before me, the undersigned authority in and for said County and
State, on this the ___ day of March, 2012, within my jurisdiction, the within named
Patsy H. Pittman, who acknowledged before me that she executed the above and foregoing
instrument on the day and year therein written and for all purposes therein stated.

                                        _____
                                        Notary Public
                                        My Commission Expires:


STATE OF MISSISSIPPI
COUNTY OF HARRISON


        Personally appeared before me, the undersigned authority in and for said County and
State, on this the 22nd day of March, 2012, within my jurisdiction, the within named
Thomas L. Swarek who acknowledged before me that she executed the above and foregoing
instrument on the day and year therein written and for all purposes therein stated.

                                        _____
                                        Notary Public
                                        My Commission Expires: June 30, 2012

**PITTMAN AND CO FARMS, A JOINT VENTURE OF
EASTER LILY FARMS, INC. DIXIE LEE FARMS, INC.,
TWO SISTERS FRAMS, INC. AND BEALE STREET FARMS, INC.**

Two Sisters Farms, Inc.

Name:

Title:

STATE OF MISSISSIPPI
COUNTY OF HARRISON

Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named Two Sisters Farms, Inc., a Mississippi Corporation, by and through its duly authorized member, Donna H. Dees, who as a President of the Mississippi Corporation acknowledged to and before me that she signed and delivered the above and foregoing instrument on the day and year therein mentioned as the act and deed of the above named Mississippi Corporation after first being duly authorized so to do.

GIVEN under my hand and official seal of office, this the 22 day of March, 2012.

Notary Public
My Commission Expires:

**PITTMAN AND CO FARMS, A JOINT VENTURE OF
EASTER LILY FARMS, INC. DIXIE LEE FARMS, INC.,
TWO SISTERS FRAMS, INC. AND BEALE STREET FARMS, INC.**

_(signature)_

Beale Street Farms, Inc.

Name: _(signature)_

Title: _(signature)_

STATE OF MISSISSIPPI
COUNTY OF HARRISON

      Personally appeared before me, the undersigned authority in and for the aforesaid
jurisdiction, the within named Beale Street Farms, Inc., a Mississippi Corporation, by and
through its duly authorized member, Patsy H. Pittman, who as a President of the Mississippi
Corporation acknowledged to and before me that she signed and delivered the above and
foregoing instrument on the day and year therein mentioned as the act and deed of the above
named Mississippi Corporation after first being duly authorized so do to.

      GIVEN under my hand and official seal of office, this the 22nd day of March, 2012.

_(signature)_

Notary Public
My Commission Expires:

_(notary seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 61901 MONICA L. DONALDSON Commission Expires Feb. 5, 2016 HINDS COUNTY)_

**PITTMAN AND CO FARMS, A JOINT VENTURE OF
EASTER LILY FARMS, INC, DIXIE LEE FARMS, INC.,
TWO SISTERS FRAMS, INC. AND BEALE STREET FARMS, INC.**

Dixie Lee Farms, Inc.

Name:

Title:

STATE OF MISSISSIPPI
COUNTY OF HARRISON

     Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named Dixie Lee Farms, Inc., a Mississippi Corporation, by and through its duly authorized member, Dixie Lee, who as a President of the Mississippi Corporation acknowledged to and before me that she signed and delivered the above and foregoing instrument on the day and year therein mentioned as the act and deed of the above named Mississippi Corporation after first being duly authorized so do to.

    GIVEN under my hand and official seal of office, this the 23rd day of March, 2012.

Notary Public
My Commission Expires:

STATE OF MISSISSIPPI NOTARY PUBLIC
ID # 61901
MONICA L. DONALDSON
Commission Expires
Feb. 5, 2015
HINDS CO

**PITTMAN AND CO FARMS, A JOINT VENTURE OF**
**EASTER LILY FARMS, INC, DIXIE LEE FARMS, INC.,**
**TWO SISTERS FRAMS, INC. AND BEALE STREET FARMS, INC.**

Easter Lily Farms, Inc.

Name:

Title:

STATE OF MISSISSIPPI
COUNTY OF HARRISON

Personally appeared before me, the undersigned authority in and for the aforesaid
jurisdiction, the within named Easter Lily Farms, Inc., a Mississippi Corporation, by and
through its duly authorized member, Paiga P. Miller, who as a President of the Mississippi
Corporation acknowledged to and before me that she signed and delivered the above and
foregoing instrument on the day and year therein mentioned as the act and deed of the above
named Mississippi Corporation after first being duly authorized so do to.

GIVEN under my hand and official seal of office, this the 23rd day of March, 2012.

Notary Public
My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 61901
MONICA L. DONALDSON
Commission Expires
Feb. 5, 2015
HINDS COUNTY

## AGREEMENT

**Pittman and Company Farms Joint Venture and Patsy H. Pittman and
Johnson Brothers Rental Company, L.P.**

THIS AGREEMENT, made and entered into this 22 day of _March_, 2012, between
Pittman & Company Farms, Joint Venture , (hereafter referred to as Pittman & Company Farms)
and Johnson Brothers Rental Company, L.P. , (hereafter referred to as Johnson Brothers.)

**Witnesseth:**

WHEREAS, Pittman & Company owes Johnson Brothers the balance of $41,000.00 on the 2011
production loan and $147,000.00 owed by Patsy H. Pittman, on the long term land loan, for a
total of $188,000.00, including all late fees, interest, and attorney fees.

WHEREAS, Pittman & Company is obtaining financing from other sources to pay the 2011 crop
loan and the past due amount, it is agreed between the parties as follows:

1. When the above stated payments are paid to Johnson Brothers, it agrees to release the
2011 crop loan Deed of Trust and Assignment of Rentals on file in the office of the Chancery
Clerk of Quitman County, Mississippi signed by Patsy H. Pittman.

2. Johnson Brothers will also release all UCC's, Security Agreements, the 2011 crop
Promissory Note, and all associated FSA documents and all related documents pertaining to all
future government payments.

3. It is understood between the parties that there will be a Deed of Trust filed by Tommy
Swerek or his assigns, filed against the land owned by Patsy H. Pittman in Quitman County,
which will be a second lien behind the long term land loan in favor of Johnson Brothers.

4. Both parties agree that this agreement is contingent upon Patsy H. Pittman dismissing
her bankruptcy proceedings and Johnson Brothers attorney representing them in bankruptcy will
proceed immediately with having the bankruptcy dismissed.

5. Johnson Brothers will only be entitled to the monies secured by the land loan dated
May 26, 2010, in the original amount of $1,848,000.00, that has a final maturity date of January
10, 2016.

JOHNSON BROTHERS
RENTAL COMPANY, L.P.

By: _Roger Johnson_

PITTMAN AND COMPANY FARMS
JOINT VENTURE

By: BEALE STREET FARMS, INC.

By: _Tony H. Pittman, Pres._
PATSY H. PITTMAN, President

_Patsy H. Pittman_

PATSY H. PITTMAN, Individually

NOTE

$189,000.00                                                    June ___, 2012

     FOR VALUE RECEIVED, the undersigned  Pittman and Co. Farms, a Joint Venture, organized and existing under the laws of the State of Mississippi , by and through the following corporations, being all of it members\partners, Easter Lily Farms, Inc., Dixie Lee Farms, Inc., Two Sisters Farms, Inc. and Beale Street Farms, Inc.,  and Patsy H. Pittnan, Individually, with each and all fully intending to become makers on this note with full and complete joint and several liability on said note as makers, principles, guarantors and endorsers, (collectively the "Borrower") promise to pay to the order of THOMAS L. SWAREK whose address is  1261 Pass Road, Gulfport, Mississippi, 39501, the sum of  ONE HUNDRED EIGHTY NINE THOUSAND AND NO/100 DOLLARS ($189,000.00),  to be paid on or before October 31, 2012, (the "Maturity Date") such principal and interest to be paid in lawful money of the United States.  Any amounts due and owing after October 31, 2012 shall accrue interest at a rate of 10% APR and all reasonable attorneys fees incurred by Swarek in the collection process will be added to the balance due and that balance shall be foreclosed pursuant to Swarek's Second Mortgage on real estate and other security.

     If default be made in the payment of any of the above stated amounts, when the same becomes due and payable, or if default be made in the performance of or compliance with the covenants and conditions of the separate Deed of Trust and Security Agreement, or any other agreement of the parties,  securing this Note, then all principal and accrued interest shall, at the option of the legal holder or holders hereof, become at once due and payable without notice.

     The makers, endorsers, sureties, and guarantors, and all other persons who may become liable for the payment hereof, severally waive demand, presentment, protest, notice of nonpayment, notice of protest, and any and all lack of diligence or delays in collection which may occur, and expressly consent and agree to all extensions of time of payment hereof from time to time at or after maturity and waive all notice thereof.

     All homestead exemption, appraisement, and stay laws are hereby expressly waived. If this Note shall not be paid at the Maturity Date, or shall become due and payable by the exercise of the said option, and shall be placed in the hands of an attorney for collection, all parties aforesaid agree to pay in addition, a reasonable attorney's fee on the amount owing or found due hereon.

     This Note is made and executed under, and is in all respect to be governed by, the laws of the State of Mississippi, and is secured in part  by a Deed of Trust on real estate situated in Quitman  County, State of Mississippi.



EXHIBIT

"B"

Pittman and Co. Farms, a Joint Venture
organized and existing under the laws of the
State of Mississippi

By and through the following corporations,
being all of its members\partners

**EASTER LILY FARMS, INC.**

By:_____
       Paige P Miller,  President

**DIXIE LEE FARMS, INC.**

By:_____
     Dixie Lee,   President

**TWO SISTERS FARMS, INC.**

By:_____
     Donna H. Dees,   President

**BEALE STREET FARMS, INC.**

By:_____
     PATSY H. PITTMAN,   President

AND the following non-member and maker

_____
     Patsy H. Pittman, Individually

Attached to and made a part of the Promissory Note dated _____, in favor of Thomas L. Swarek.

**EASTER LILY FARMS, INC.**

By:_____
      Paige P Miller,  President

**DIXIE LEE FARMS, INC.**

By:_____
   Dixie Lee,   President

**TWO SISTERS FARMS, INC.**

By:_____
   Donna H. Dees,   President

**BEALE STREET FARMS, INC.**

By:_____
   PATSY H. PITTMAN,   President

AND the following non-member and maker

_____
   Patsy H. Pittman, Individually