IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  PATSY H. PITTMAN  CHAPTER 11
Debtor  CASE NO. 12-10810-DWH

## ORDER

THIS CAUSE is before the Court to set an interim hearing on the *Emergency Motion to Incur Debt, to Grant Security Therefor and For Other Relief* [DK #47] (the "Motion") filed by the Debtor herein, and the Court having heard and considered the Motion and being otherwise fully advised in the premises, finds as follows, to-wit:

1. On February 27, 2012, the Debtor herein filed with this Court her original petition for reorganization under Chapter 11 of the Bankruptcy Code.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 541, 1107, related statutes, related rules and various orders of reference. This is a core proceeding.

3. The Debtor is the owner of certain farm land that is used in conjunction with and by other entities for farming. These entities are Pittman and Co. Farms a Joint Venture of Easter Lily Farms, Inc., Dixie Lee Farms, Inc., Two Sisters Farms, Inc and Beale Street Farms, Inc. (the "Farms"). Farms is the series of entities that farms row crops in and around the Quitman County, Mississippi, area.

4. Prior to the filing of the Petition herein, the Debtor owed Johnson Brothers Rental Company, LP, a/k/a Johnson Brothers Realty ("Johnson") certain indebtedness secured by a lien upon property owned by the Debtor. On information and belief, the Debtor and, perhaps Farms, owed Johnson debts in connection with secured debts and production loans for 2011 crops grown by Farms.

5. The Debtor, and Farms, were past due in connection with certain payments to Johnson.

6. Farms has crops that have been planted, but without financing, harvesting the crops will not be possible.

7. The Debtor and Farms have sought, and have obtained, production and restructuring loans for the 2012 crops and to pay past due debts to Johnson. The prospective lender to the Debtor is Thomas L. Swarek ("Mr. Swarek"). Certain of the financing to be provided to the Debtor and Farms has been, and will be, provided by Mr. Swarek. *See* this Court's Order dated April 30, 2012 [DK #45], a copy of which is attached hereto and incorporated herein as Exhibit "A".

8. In addition, Mr. Swarek has agreed to loan additional funds and supplies to the Debtor and Farms for crop production financing for crop year 2012 pursuant to a Note, which is attached hereto, incorporated by reference and marked as Exhibit "B." The funds will be advanced by Mr. Swarek, in his discretion, as funds are needed to farm.

9. The Debtor and Farms are in need of the use of cash, which would include the use of borrowed funds pursuant to §364 of the Bankruptcy Code to continue their operations, to cultivate, care for, maintain and harvest the 2012. This includes the payment of utility bills, ongoing lease operating expenses, payment for goods and services necessary to maintain normal operations, wages and employee-related expenses, and the other normal categories of expenses and expenditures.

10. Mr. Swarek has agreed to make advances as indicated on the attached Exhibit B, and in the amounts as set forth therein.

11. The collateral securing the Loans is set forth in Exhibit "B."

12. The Debtor is unable in the ordinary course of business or otherwise, to obtain unsecured credit allowable pursuant to section 503(b)(1) of the Bankruptcy Code as an administrative expense pursuant to sections 363 or 364(a) or (b) of the Bankruptcy Code in an amount necessary for the maintenance and preservation of her assets and operation of her business, or secured indebtedness pursuant to section 364(c) of the Bankruptcy Code on terms or from sources other than as provided by the Mr. Swarek pursuant to the terms of this Motion.

13. Good cause exists for the entry of an Order granting the Motion. Among other things, entry of an Order will minimize interruption of the Debtor's business, will create value in the 2012 crop, will increase the possibility for a successful orderly reorganization of the Debtor, will maintain the value of the Debtor's assets, and is in the best interests of the Debtor, her creditors and other parties-in-interest.

14. The terms of the use of post-petition financing outlined herein are for reasonably equivalent value and fair consideration. The Loans will mature as stated in Exhibit "B" and will be evidenced by standard, reasonable commercial loan documents.

The testimony at the interim hearing was that the Debtor and Farms will need approximately $65,000.00 of the requested funds between now and the time that the Court can set a final hearing on the Motion. Accordingly, the Debtor and Farms may borrow $65,000.00 between now and the time of the final hearing on the Motion.

15. As security for the contemplated Loans, the Debtor and Farms propose that the Mr. Swarek will be granted the same security interest as set forth in the Order granting the prior motion to incur debt, attached as Exhibit "A."

16. <u>Execution of Documents and Automatic Perfection of Liens</u>. To evidence the obligations, the creation of security interests as set forth above, and all terms and provisions

3

evidencing the agreements between Debtor, Farms, and Mr. Swarek, the Debtor is authorized to execute and deliver to Mr. Swarek, at Mr. Swarek's option, any and all of the following as may be requested or required by Mr. Swarek, in form and substance acceptable to Mr. Swarek.

All agreements, instruments and documents of any type or nature, including, without limitation: security agreements, financing statements, notes, schedules, instruments, powers of attorney, consents, assignments, contracts, notices, leases, amendments, supplements and allonges implementing the Security Agreement and security interests and liens granted in connection therewith, and all other written matter now or from time to time hereafter reasonably requested by Mr. Swarek.

Notwithstanding the foregoing, all agreements, security interests, and liens contemplated by this Motion are effective and perfected without further filing by Mr. Swarek in compliance with any state or federal law. Mr. Swarek will not be required to file financing statements or other documents in any jurisdiction or take any other actions in order to perfect their security interests and liens made or granted under or pursuant to the Motion. If Mr. Swarek, in his sole discretion, chooses to file any financing statements, or other documents to otherwise confirm perfection of such security interests and liens, all such documents shall be deemed to have been filed or recorded at the time of entry of an Order approving the matter. However, the failure of Debtor to execute any such documentation, or failure of Mr. Swarek otherwise to attach or perfect his security interest in the Collateral under state or federal law, shall in no way affect the validity, perfection, or priority of the security interests, and liens granted to Mr. Swarek. As a result of these "self executing" provisions as to the terms of any post-petition pending between the Debtor, and Mr. Swarek, there is no need to attach copies of any lending documents hereto.

17. For all of the above and foregoing reasons, this Court hereby approves the post-petition financing by Mr. Swarek. The post-petition lending will allow the Debtor and Farms to continue their operations, provide for an orderly reorganization herein and provide additional security to Debtor's creditors that their claims will continue to be paid.

18. The terms and conditions of any post-petition lending have been negotiated in good faith and at arm's length, and the post-petition lending will be extended in good faith as that term is contemplated in §364(e) of the Bankruptcy Code. Mr. Swarek is a good faith lender.

19. This Court's prior order of April 30, 2012 [DK #45] prohibits the use of $96,000.00 of Cash Collateral that serves as collateral to the claims of Johnson Brothers Rental Company, LP, a/k/a Johnson Brothers Realty ("Johnson"). The applicable provision of the prior order is found in paragraph 21, and it shall remain in full force and effect with respect to the borrowing approved hereunder, both on an interim, and if the Court sees fit to grant the Motion, on a final basis. Accordingly, the $96,000.00 referenced in paragraph 21 of the prior Order and representing a portion of the $120,000.00 farm rent for 2011-2012 due the Debtor from the Farms (Remaining Annual Rent), remains Johnson's Cash Collateral and shall be segregated by the Debtor and/or Pittman & Co. Farms in a separate account with a reputable and FDIC insured banking institution or a separate "debtor-in-possession account" as contemplated by the rules and regulations of the United States Trustee's office. The Debtor and/or Pittman & Co. Farms are hereby prohibited from using, spending, or otherwise disposing of the balance of the Remaining Annual Rent before December 15, 2012 or at any other time thereafter, until further order of the Court or subsequent agreement of the parties.

20. As noted, the terms and conditions of any proposed borrowing by the Debtor from Mr. Swarek will be controlled by the terms hereof.

21. Notice of the Motion has been provided to the known relevant secured parties (Mr. Swarek, ARM and Johnson), the U. S. Trustee, all government agencies and all parties having entered an appearance and requested notice. Notice is appropriate and proper under the circumstances and no further notice is required.

It is, therefore,

ORDERED that the Motion is granted and the Debtor is authorized, on an interim basis, the funding requested herein, up to $65,000.00. It is, further,

ORDERED that a final hearing shall be heard and considered by the Court on the Motion on _____July 23rd_____, 2012, at __10:00__ o'clock _A_ .m., at Thad Cochran Bankruptcy Court Building, Aberdeen, Mississippi. It is, further,

ORDERED that all creditors and parties-in-interest wishing to object to the Motion or this Interim order must file a written objection or other responsive pleading on or before __5:00__ o'clock __P__ .m. on the __16th__ day of __July__, 2012. It is, further,

ORDERED that counsel for the Debtor shall immediately serve a copy of this Order on the all creditors listed on the Court's matrix. It is, further,

ORDERED that in the event no objection to the Motion or this Order is timely filed, then this Order shall convert to a Final Order and continue in effect in accordance with its terms.

SO ORDERED, this the 26th day of June, 2012.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE

6

APPROVED AND AGREED:

_____
Craig M. Geno, Esq.
Attorney for the Debtor


_____
James P. Wilson, Jr., Esq.
Attorney for John Brothers rental Company,
a/k/a Johnson Brothers Realty



PRESENTED BY:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile
F:\Users\Bankrupt\Pittman, Patsy\Pleadings\Incur Debt\2nd\Order.wpd