IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    PATSY H. PITTMAN                                              CHAPTER 11
         Debtor                                                CASE NO. 12-10810-DWH

# PLAN OF REORGANIZATION

Unless otherwise defined, the capitalized terms contained in this Plan of Reorganization (the "Plan") shall have the same meanings as described in the Disclosure Statement. All capitalized terms used in the Plan not defined herein or in the Disclosure Statement, but which are defined in the Bankruptcy Code, shall have the respective meanings ascribed in the Bankruptcy Code. All capitalized terms used but not defined in the Plan, in the Disclosure Statement or in the Bankruptcy Code shall have the respective meanings ascribed in the Bankruptcy Rules.

## ARTICLE I

### CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

The Debtor classifies Claims in the following Classes:

Class 1:    Administrative Claims

Class 2:    Priority Claims

Class 3:    Secured Claims of Guaranty Bank & Trust ("Guaranty")

Class 4:    Secured Claims of Johnson Brothers Realty ("Johnson")

Class 5:    Secured Claims of Ag Resource Management ("ARM")

Class 6:    Secured Claims of Thomas L. Swarek ("Swarek")

Class 7:    General, Unsecured Claims

## ARTICLE II

## TREATMENT OF CLAIMS AND INTERESTS

The Claims as classified in Article I shall be satisfied as follows:

**Class 1:** **Administrative Expense Claims.**

This Class consists of the administrative expenses and claims of professionals and of the United States Trustee under §503(b) of the Bankruptcy Code and all fees and charges assessed against the Debtor under Title 28 of the United States Code. The compensation of professionals, such as attorneys and accountants, is subject to approval by the Court. The timing of payment to such professionals for compensation for services rendered and reimbursement of expenses will be made as authorized and allowed by the Court. The Court will review all requests for compensation and reimbursement of expenses.

All Class 1 expenses and claims for fees will be paid as provided for in future Court Orders, or as may be agreed upon, except that fees due to the Office of the United States Trustee will be paid as and when due until this Case is closed, converted or dismissed.

**Class 2:** **Priority Claims**

Priority claims of the IRS and Mississippi State Tax Commission, if any, will be paid, with interest, as required by the Bankruptcy Code.

**Class 3:** **Secured Claim of Guaranty**

The secured claim of Guaranty is secured by a perfected lien against real property which is the Debtor's homestead. The Debtor proposes to pay Guaranty the remaining balance of approximately $91,000.00 on a new Note amortized over 20 years at 3.5% interest, with the full balance being due five (5) years from the date of the first payment on December 1, 2012. The Debtor proposes to pay Guaranty equal monthly payments of principal and interest beginning on

December 1, 2012.

The secured claims of Guaranty are impaired.

**Class 4:    Secured Claim of Johnson**

The secured claim of Johnson is secured by a first lien on real property. Repayment terms for the Debtor's loans by Johnson are illustrated in a payment schedule attached to the Disclosure Statement and incorporated by reference as Exhibit "F". The Debtor plans to repay Johnson in full, over a period of ten (10) years, per the attached schedule.

The secured claims of Johnson are impaired.

**Class 5:    Secured Claim of Ag Resource Management ("ARM")**

The secured claim of ARM is secured by perfected liens upon the Debtor's crops. The Debtor will pay ARM in full for the balance of loan on or before December 31, 2012. The Debtor will use the funds she collects from the sale of her crops to generate the income needed to pay this loan in full.

**Class 6:    Secured Claim of Thomas L. Swarek ("Swarek")**

The secured claim of Swarek is secured by perfected liens on the Debtor's real property and crops that are to be harvested and sold before the end of 2012. The Debtor plans to pay Swarek in full, pursuant to an Agreement, which is attached to the Disclosure Statement and incorporated by reference as Exhibit "C". It should be noted that the Debtor reserves her rights to any claims she may have against Swarek regarding his failure to endorse checks that represent payment to the Debtor for crop sales

Class 7:    General, Unsecured Claims

The Debtor will devote her projected disposable income, for the five-year life of the Plan, to payments for unsecured creditors.

## ARTICLE III

## CLOSING DATE

The Closing Date shall be one hundred and twenty (120) days after Confirmation of the Plan, or at such other date as the Plan or the Order Confirming the Plan. The Effective Date of the Plan shall be ninety (90) days after the Order confirming the Plan becomes final and non-appealable.

## ARTICLE IV

## MEANS FOR EXECUTION OF THE PLAN

The Debtor's means of execution of the Plan will be provided from sales from row crops that are planted and harvested on her real property. The sale of crops will provide the income the Debtor will receive within which she can fund the plan.

## ARTICLE V

## RATIFICATION OF THE PLAN

Alterations or modifications of the Plan may be approved by the Court without notice to Creditors if the Court finds that such alterations or modifications do not materially or adversely affect the interests of the Creditors. If any alterations or modifications of the Plan are proposed which Court finds to materially or adversely effect the interest of Creditors, notice and description of such alteration of modification shall be given to all Creditors adversely affected.

## ARTICLE VI

## INVALIDATION OF LIENS AND DISCHARGE

All liens securing Claims which are not Allowed pursuant to the provisions of the Plan or Bankruptcy Code Sections 502 and 506 shall be invalidated and deemed null and void and of no further force and effect. The provisions of the confirmed Plan shall bind all Creditors and parties in interest, whether or not they accept the Plan and shall discharge the Debtor from all claims that arose prior to Confirmation. The distributions provide under the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims and Interests regarding any of the Debtor's assets or properties, including Claims arising after the date of filing of the Petition and prior to Confirmation. Unless otherwise specifically provided to the contrary herein or in the Confirmation Order, on or after Confirmation, all Holders of Claims or Interests shall be precluded from asserting any Claim against the Debtor or his assets or properties.

The Debtor shall not receive a discharge until all payments have been completed under the five (5) year "life" of the Plan.

However, the Debtor may close this Chapter 11 case prior to the full 60 month life of the Plan. Upon completion of the plan payments, the Debtor shall receive a discharge without the necessity of reopening the case by notifying the Clerk of the Court that all payments have been made under the Plan and that the Debtor is now entitled to a discharge.

## ARTICLE VII

### REVESTING OF PROPERTY

Except as otherwise provided herein, property of the Debtor shall revest in the Reorganized Debtor on the Effective Date. Subsequent to the Effective Date, the Reorganized Debtor may buy, use, acquire, and dispose of property, free of any restrictions contained in the Bankruptcy Code.

## ARTICLE VIII

## UNITED STATES TRUSTEE'S FEES

The Debtor shall timely pay to the United States Trustee any and all post-confirmation quarterly fees as required by 28 U.S.C. § 1930(a)(6) until such time as this case is converted, dismissed or closed by the Court. Additionally, the Debtor shall timely submit to the United States Trustee post-confirmation Monthly Operating Reports in the format prescribed by the United States Trustee until such time as this case is converted, dismissed or closed by the Court.

## ARTICLE IX

## JURISDICTION OF THE COURT

The Court shall retain jurisdiction until the Plan has been fully consummated including, but not limited to, the following purposes:

1. Determination of all questions and disputes regarding title to the assets of the Debtor's estate and determination of all causes of action, controversies, disputes and conflicts, whether or not subject to action pending as of the Confirmation date, between the Debtor and any party, including, but not limited to, the right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

2. The correction of any defect, curing of any omission, or reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan.

3. Enforcement, modification or interpretation of the terms and the conditions of the Plan to the extent of appropriate under the Bankruptcy Rules and Title 11 of the United States Code.

4. Entry of any Order, including injunctions, necessary to enforce the title, rights and powers as the Court may deem necessary.

5. Entry of an Order concluding and terminating this Case upon completion of this

provisions.

This, the 29th day of October, 2012.

Respectfully submitted,

PATSY H. PITTMAN

By Her Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By_____
Jarret P. Nichols

OF COUNSEL:

Craig M. Geno, Esq.; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

### CERTIFICATE OF SERVICE

I, Jarret P. Nichols, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Sammye S. Tharp, Esq.
Office of the United States Trustee
Sammye.S.Tharp@usdoj.gov

THIS, the 29th day of October, 2012.

_____
Jarret P. Nichols