IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    PATSY H. PITTMAN                                      CHAPTER 11
             Debtor                                              CASE NO. 12-10810-DWH

**EMERGENCY MOTION TO USE CASH COLLATERAL**
**AND FOR OTHER RELIEF**

COMES NOW Patsy H. Pittman (the "Debtor") and files this her Emergency Motion to Use Cash Collateral and For Other Relief (the "Emergency Motion"), and in support thereof would respectfully show as follows, to-wit:

1.    On February 27, 2012, the Debtor herein filed with this Court her original petition for reorganization under Chapter 11 of the Bankruptcy Code.

2.    This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 541, 1107, related statutes, related rules and various orders of reference. This is a core proceeding.

**Background**

3.    The Debtor is the owner of certain farm land that is used in conjunction with and by other entities for farming. These entities are Pittman and Co. Farms, a Joint Venture of Easter Lily Farms, Inc., Dixie Lee Farms, Inc., Two Sisters Farms, Inc and Beale Street Farms, Inc. (the "Farms"). Farms is the series of entities that farms row crops in and around the Quitman County, Mississippi, area.

4.    Prior to the filing of the Petition herein, the Debtor owed Johnson Brothers Rental Company, LP a/k/a Johnson Brothers Realty ("Johnson") certain indebtedness secured by a lien upon property owned by the Debtor. On information and belief, the Debtor, and perhaps Farms, owed

Johnson debts in connection with secured debts and production loans for 2012 crops grown by Farms.

5. The Debtor, and Farms, are past due in connection with certain payments to Johnson.

6. Farms has crops that immediately need to be planted, but without the ability to use cash collateral, planting the crops will not be possible.

7. The Debtor and Farms have sought, and have obtained, production and restructuring loans for the 2012 crops and to pay past due debts to Johnson. The lenders to the Debtor are Ag Resource Management and Thomas L. Swarek ("Mr. Swarek") for prior crop loans associated with the 2012 crop year.

8. To date, the Debtor and Farms have harvested a portion of crops for a total yield of $1,162,000.00. These monies have been tendered in the form of various checks for corn sales and are awaiting endorsement by all parties who appear on the checks, so that the Debtor and Farms can pay their creditors. The Debtor is in need of a portion of these funds that have already been tendered to the Debtor and/or Farms and various other parties. The aforementioned $1,162,000.00 will pay a significant portion of the existing crop loan in place, and will pay Ag Resource Management, a first position lienholder of the Debtor, in full.

9. The Debtor is in immediate need of funds to be used for the purpose of planting a wheat crop. The total amount of funds needed is $127,000.00, as illustrated in the budget attached hereto and incorporated by reference as Exhibit "A". The Debtor and Farms expect to harvest the wheat crop for a total yield of $494,492.00.

## Relief Requested

10. The Debtor and Farms are in need of the use of cash, which would include the use of cash collateral pursuant to §363 of the Bankruptcy Code to continue their operations, to cultivate, care for, maintain and harvest the 2013 wheat crop. This includes the payment of utility bills, ongoing lease operating expenses, payment for goods and services necessary to maintain normal operations, wages and employee-related expenses, and the other normal categories of expenses and expenditures.

11. The Debtor is unable in the ordinary course of business or otherwise, to obtain unsecured credit allowable pursuant to section 503(b)(1) of the Bankruptcy Code as an administrative expense pursuant to sections 363 or 364(a) or (b) of the Bankruptcy Code in an amount necessary for the maintenance and preservation of her assets and operation of her business, or secured indebtedness pursuant to section 364(c) of the Bankruptcy Code on terms or from other sources.

12. Good cause exists for the entry of an Order granting the Motion. Among other things, entry of an Order will minimize reduction of the Debtor's business, will create value in the 2012 crop, will increase the possibility for a successful orderly reorganization of the Debtor, will maintain the value of the Debtor's assets, and is in the best interests of the Debtor, her creditors and other parties-in-interest.

13. The terms of the use of cash collateral outlined herein are for reasonably equivalent value and fair consideration.

14. For all of the above and foregoing reasons, the Court should approve the use of cash collateral of funds by the Debtor from monies that have already been tendered to the Debtor

and various other parties. This would allow the Debtor and Farms to continue their operations, provide for an orderly reorganization herein and provide additional security to Debtor's creditors that their claims will continue to be paid.

15. Post-petition use of cash collateral is contemplated in §363 of the Bankruptcy Code.

### Notice

16. Notice of this Motion has been provided to the known relevant secured parties (Mr. Swarek, ARM and Johnson), the U. S. Trustee, all government agencies and all parties having entered an appearance and requested notice. The Debtor submits that notice is appropriate and proper under the circumstances and that no further notice is required.

### Conclusion

17. The Debtor respectfully requests that this Court, upon consideration of the Emergency Motion, will (1) authorize, on an interim basis, the use of cash collateral requested herein; (2) require the endorsement by payees for checks made payable to the Debtor and/or Farms (2) schedule a final hearing on this Emergency Motion; (3) upon final consideration, approve the use of cash collateral; and (4) grant the Debtor such other and further relief to which she may be entitled.

THIS, the 19th day of November, 2012.

>Respectfully submitted,
>
>**PATSY H. PITTMAN**
>
>By Her Attorneys,
>
>LAW OFFICES OF CRAIG M. GENO, PLLC
>
>By:/s/Jarret P. Nichols
>　　Jarret P. Nichols

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

## CERTIFICATE OF SERVICE

I, Jarret P. Nichols, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

>Margaret Middleton, Esq.
>Margaret.Middleton@usdoj.gov
>
>Andy Phillips, Esq.
>Aphillips@mitchellmcnutt.com
>
>James P. Wilson, Jr., Esq.
>Jwilson@mitchellmcnutt.com

THIS, the 19th day of November, 2012.

>/s/Jarret P. Nichols
>Jarret P. Nichols, Esq.

2012 Wheat Crop Budget
Patsy H. Pittman and Pittman & Company Farms

Csp requirements cost est. $53,000.00

Wheat requirements 934 acres
Seed. $42 per acre
Field prep. $25 per acre
Total. $67 per acre x 934 acre
Total. $62,578.00

Fixed monthly exspense. $ 7,211.00
2 months
Total monthly. $14,422.00
Total requirements cost. $127,000.00

Reimbursed by
$80,000.00 csp, payment
$62,578.00 out if wheat loan.
$142,000.00 total

