IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    PATSY H. PITTMAN                                    CHAPTER 11
         Debtor                                               CASE NO. 12-10810-DWH

## ORDER

THIS CAUSE is before the Court upon the *Emergency Motion to Use Cash Collateral and For Other Relief* [DK #75] (the "Motion") of Patsy H. Pittman (the "Debtor"), upon the formal objection thereto of Johnson Brothers Rental Company, LP ("Johnson Brothers"), the informal response thereto of Thomas Swarek ("Mr. Swarek"), the Court having heard and considered the Motion and objections, and having heard and received the announcement of counsel an offer of proof resolving, temporarily, the Motion, the Court is of the opinion that the offer of proof and agreement should be memorialized hereinafter. The Court does hereby order, find and adjudicate as follows, to-wit:

1. The Court has jurisdiction of the subject matter herein and the parties hereto. This is a core proceeding.

2. Notice and a hearing were adequate and appropriate under the circumstances.

3. AG Resource Management of Cleveland, MS ("ARM") has in its possession certain checks that are the result of the sales of crops that were grown on the Debtor's farm land by other entities, including Pittman and Co. Farms, a Joint Venture of Easter Lily Farms, Inc., Dixie Lee Farms, Inc., Two Sisters Farms, Inc and Beale Street Farms, Inc. (the "Farms"). The Court previously entered its orders allowing the Debtor and Farms to incur debt, to grant security therefor and for other relief in this Chapter 11 case. The prior orders granted ARM and Mr. Swarek liens and security interests in and upon the 2012 row crops, proceeds thereof, crop insurance proceeds and, in the case of Mr. Swarek, a subordinate mortgage upon the Debtor's real property.

4. A dispute has arisen in connection with the checks representing 2012 crop proceeds so that the payees thereunder have declined to endorse said checks. In order to resolve the dispute, the Court authorizes and directs Craig M. Geno, Esq., counsel for the Debtor, to execute and endorse the checks on behalf of the payees thereof, and then to deliver the checks to ARM for ARM's application thereof to its existing 2012 crop loan.

5. Once the crop loan of ARM is paid, its lien on the 2012 crops shall be released, and ARM shall assign its lien on the 2012 crop insurance to Mr. Swarek. Mr. Swarek already has a properly perfected security interest in and to the 2012 crops and crop insurance (subordinate to the liens and security interests of ARM, but to the extent the Debtor needs to execute additional documents allowing Mr. Swarek to receive the 2012 crop insurance proceeds, for and on behalf of Pittman and Co. Farms, a Joint Venture and Patsy H. Pittman personally she is directed to do so and her son, Ty Pittman (who operates and manages the Farms) is authorized and directed to execute, those assignments, notes, mortgages, security agreements, and or any other documents that Mr. Swarek would deem necessary to secure his loans or advances made in 2012 and or 2013 to execute assignments and forms on behalf of the Debtor. No further action is necessary, to perfect the liens of Mr. Swarek in and to the 2012 and or 2013 crops, crop proceeds or crop insurance. However if and in the event Mr. Swarek provides funds to Pittman and Co, a Joint Venture and or Patsy H. Pittman for crop years 2013, Mr. Swarek will have a first on all crops grown and a second mortgage on the 800 acres Patsy H. Pittman owns and the Debtor will execute any necessary documents presented to Debtor to secure Mr. Swarek for 2013.

6. Mr. Swarek has agreed to advance, as an additional advance in connection with his 2012 loan agreements and an advance on his 2013 loan agreements the sum of up to $127,000.00, on an emergency basis, to allow the Debtor and Farms to plant a 2012/2013 wheat crop. The funds

are approved to be advanced under an emergency basis in order to not only plant the 2012/2013 wheat crop, but also to comply with the program requirements of the CSP program, and to avoid potential clawback of prior CPS payments. In exchange for the initial emergency advance, Mr. Swarek will be granted a first lien on the 2012/2013 wheat crop, a first lien on the crop insurance in connection with the 2012/2013 wheat crop and an increase in the second mortgage which served to perfect his existing advances in connection with the 2012 crops so that his advances for the 2012/2013 wheat crop will also be secured by the same second mortgage on the Debtor's real property. This advance along with the proposed final advance for 2012 – 2013 wheat crop will accrue fees and interest in the same amount ARM charged Pittman and Co. Farms, a Joint Venture for the 2012 year, and this new wheat loan advance will be due and payable to Mr. Swarek when the wheat is harvested sometime in June 2013. In the event Mr. Swarek funds Pittman and Co. Farms, a Joint Venture and or Patsy H. Pittman additional money for 2012 crop year Mr. Swarek may increase his loan amount due for 2012 by any such advance and be collateralized in the same way the 2012 balance to Mr. Swarek is collateralized.

The above funding is not related to, and is distinct and different from the equity funding that Mr. Swarek is to provide for years 2013 and 2014, which funding is provided to Pittman and Co. Farms, a Joint Venture and or Patsy H. Pittman (Individually), in the amount of ($725,000.00) for 2013 to be repaid to Mr. Swarek on or before December 31, 2013 having the same loan and funding repayment language as the 2012 equity advance in the amount of ($834,000.00) made to Pittman and Co. Farms, a Joint Venture and Patsy H. Pittman, and ($725,000.00) for 2014 to be repaid to Mr. Swarek on or before December 31, 2014, having the same loan repayment and funding language as the 2012 equity advance in the amount of ($834,000.00) made to Pittman and Co. Farms, a Joint Venture and Patsy H. Pittman, said funding includes a ($272,000.00) administration fee and profit

to be paid to Mr. Swarek directly for the 2013 year a ($272,000.00) administration fee and profit to be paid to Mr. Swarek directly for the 2014 year, all of which is more fully described in the loan agreement outlined in Case # 12-10810-DWH Document # 22 Filed 3/28/12 Entered 3/28/12 Desc Main Document that Pittman and Co. Farms, a Joint Venture, Patsy H. Pittman (Individually), and Mr. Swarek executed. The collateral for this equity funding in 2013 and 2014 will be a second mortgage on 800 acres owned by Patsy H. Pittman, a First Assignment on all FSA government checks including but not limited to any Conservation Stewardship Program for the years 2013 and 2014, and a second mortgage on all crops grown and crop insurance for years 2013 and 2014.

7. The Court will schedule, for final hearing, the Debtor's additional request for additional funding for Mr. Swarek to complete the 2012/2013 wheat crop. The total funding request of the Debtor and Farms from Mr. Swarek shall be up to $233,000.00 (includes up to $127,000.00 additional advance).

8. Welting Farms (a custom harvester of the Debtor and Farms) is granted a second lien upon the 2012/2013 wheat crop and wheat crop insurance in connection therewith. No further action is necessary to perfect the second liens of Welting Farms in the 2012/2013 wheat crop and wheat crop insurance. However, if and in the event Welting Farms requests, the Debtor, through Ty Pittman, and Farms are authorized and directed to execute such documents in order to perfect the second lien of Welting Farms. The second lien of Welting Farms is subordinate and subsequent to the lien of Mr. Swarek, of up to $233,000.00, upon the 2012/2013 wheat crop and wheat crop insurance proceeds. Except to the extent of Mr. Swarek's first lien against the 2012/2013 wheat crop and wheat crop insurance, which first lien shall not exceed $233,000.00, Welting Farms shall be entitled to have Farms' and Debtor's debts to it satisfied in full through its second lien before

additional claims or liens against the 2012/2013 wheat crop or wheat crop insurance are satisfied. Welting Farms also reserves its non-bankruptcy rights and remedies.

9. The secured claim of Johnson shall remain intact and the December 15, 2012, payment to Johnson shall be made as and when due. This payment shall be funded from the equity funding provided by Mr. Swarek that is described in page 3 number 6 paragraph 1 and page 4 number 6 paragraph 1 of this document.

10. While this Order is self-executing with respect to the grant of liens and security interests, to the extent Mr. Swarek and/or Welting Farms require additional, commercially reasonable documents to be executed, the Debtor, through Ty Pittman, and Farms are authorized and directed to execute the same.

11. A final hearing in connection with the additional request for borrowing of the remaining wheat crop production funds is scheduled for December 21, 2012, at 10:00 o'clock a .m. at the Cochran U.S. Bankruptcy Courthouse in Aberdeen, Mississippi.

12. All creditors and parties-in-interest wishing to object to the Motion or this Interim Order must file a written objection or other responsive pleading on or before 12:00 o'clock p .m. on the 20th day of December, 2012, if they object to the additional borrowing requested from Mr. Swarek of up to $233,000.00.

13. Counsel for the Debtor shall immediately serve a copy of this Order on the all creditors listed on the Court's matrix.

SO ORDERED, this the 30th day of November, 2012.

_____
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE

APPROVED AND AGREED:

*/s/ Craig M. Geno*
Craig M. Geno, Esq.
Attorney for the Debtor

*/s/ William M. Bost*
William M. Bost, Jr., Esq.
Attorney for Thomas Swarek

*/s/ D. Andrew Phillips*
D. Andrew Phillips, Esq.
Attorney for Johnson Brothers Rental Company,
a/k/a Johnson Brothers Realty

*/s/ Charles E. Winfield*
Charles E. Winfield, Esq.
Attorney for Welting Farms


PRESENTED BY:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile
F:\Users\Bankrupt\Pittman, Patsy\Pleadings\Cash Collateral\1st\Order-NEW.wpd