# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:     PATSY H. PITTMAN                         CHAPTER 11
             Debtor                               CASE NO. 12-10810-DWH

## FINAL ORDER

THIS CAUSE is before the Court upon the *Emergency Motion to Use Cash Collateral and For Other Relief* [DK #75][1] (the "Motion") filed by the Debtor, Patsy H. Pittman (the "Debtor"), and the Objection and Response thereto [DK #79] filed by Johnson Brothers Rental Company, LP ("Johnson"), the Court having heard and considered the Motion and Objection, and having received an offer of proof and an announcement from counsel resolving the Objection, the Court is of the opinion that the offer of proof and agreement resolving the Objection are well taken and that the Motion should be sustained on a final basis. Accordingly, the Court does hereby order, find and adjudicate as follows, to-wit:

1.     The Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 541, 1107, and related statues, rules and orders of reference. This is a core proceeding.

2.     Notice and a hearing were adequate and appropriate under the circumstances.

3.     AG Resource Management of Cleveland, MS ("ARM") had in its possession certain checks that were the result of the sales of crops that were grown on the Debtor's farm land by other entities, including Pittman and Co. Farms, a Joint Venture of Easter Lily Farms, Inc., Dixie Lee Farms, Inc., Two Sisters Farms, Inc and Beale Street Farms, Inc. (the "Farms"). The Court

---

[1] At the preliminary hearing on the Motion, which was conducted on November 26, 2012, the Debtor orally amended the Motion to include the same or similar relief requested in the Debtor's Emergency Motion to Incur Debt, to Grant Security Therefor and for Other Relief [DK#22] ("Motion to Borrow"). For purposes of this Final Order, the Motion and Motion to Borrow shall be collectively referred to as the Motion.

previously entered its orders allowing the Debtor and Farms to incur debt, to grant security therefor and for other relief in this Chapter 11 case [DK#s 45 and 55]. The prior orders granted ARM and Thomas Swarek ("Mr. Swarek") liens and security interests in and upon the 2012 row crops, proceeds thereof, crop insurance proceeds and, in the case of Mr. Swarek, a subordinate mortgage upon the Debtor's real property. The first lien on the Debtor's real property is held by Johnson Brothers Rental Company, LP, as described in a Deed of Trust and Security Agreement executed by the Debtor for the benefit of Johnson Brothers Rental Company, LP on May 26, 2010, and recorded in the Office of the Chancery Clerk of Quitman County, Mississippi, on May 26, 2010, Book 264, Page 546 (the "Johnson Deed of Trust")

4. A dispute arose in connection with certain checks representing 2012 crop proceeds which resulted in the payees' thereunder refusal to endorse the referenced checks. In order to resolve the dispute, the Court entered an Interlocutory Order [Docket#80] that authorized and directed Craig M. Geno, Esq., counsel for the Debtor, to execute and endorse the checks on behalf of the payees thereof, and then to deliver the checks to ARM for ARM's application thereof to its existing 2012 crop loan.

5. The crop loan of ARM has been paid, and its lien on the 2012 crops is released, with ARM assigning its lien on the 2012 crop insurance to Mr. Swarek. Mr. Swarek already has a properly perfected security interest in and to the 2012 crops and crop insurance proceeds (subordinate to the prior liens and security interests of ARM), but to the extent the Debtor needs to execute additional documents allowing Mr. Swarek to receive the 2012 crop insurance proceeds, for and on behalf of the Farms and Patsy H. Pittman personally, the Debtor and her son, Ty Pittman (who operates and manages the Farms) are authorized and directed to execute those assignments, notes, mortgages, security agreements, and or any other documents that Mr. Swarek would deem

necessary to secure his loans or advances made in 2012 and/or 2013 on behalf of the Debtor. No further action is necessary to perfect the liens of Mr. Swarek in and to the 2012 and or 2013 crops, crop proceeds or crop insurance. However if and in the event Mr. Swarek provides funds to the Farms and/or the Debtor Patsy H. Pittman for crop years 2013, Mr. Swarek will have a first lien on all crops grown and a second mortgage on the 800 acres Patsy H. Pittman owns, which is secured first by the Johnson Deed of Trust. The Debtor shall execute any necessary documents in order to secure the loans made by Mr. Swarek for the 2013 crop year pursuant to this and previous orders entered by the Court regarding the same.

6. Mr. Swarek advanced, as an additional advance in connection with his 2012 loan agreements and an advance on his 2013 loan agreements, the sum of up to $127,000.00, on an emergency basis, to allow the Debtor and Farms to plant a 2012/2013 wheat crop. The referenced advance was approved by the Court [DK#80] to not only plant the 2012/2013 wheat crop, but also to comply with the program requirements of the Conversation Stewardship Program ("CSP"), and to avoid potential clawback of prior CSP payments. In exchange for the initial emergency advance, Mr. Swarek will be granted a first lien on the 2012/2013 wheat crop, a first lien on the crop insurance in connection with the 2012/2013 wheat crop and an increase in the second mortgage which served to perfect his existing advances in connection with the 2012 crops so that his advances for the 2012/2013 wheat crop will also be secured by the same second mortgage on the Debtor's real property. This advance, along with the proposed final advance for the 2012 – 2013 wheat crop, will accrue fees and interest in the same amount ARM charged Pittman and Co. Farms, a Joint Venture for the 2012 year, and this new wheat loan advance will be due and payable to Mr. Swarek when the wheat is harvested sometime in June 2013. In the event Mr. Swarek funds Pittman and Co. Farms, a Joint Venture and/ or Patsy H. Pittman additional money for 2012 crop year Mr. Swarek may

increase his loan amount due for 2012 by any such advance and be collateralized in the same way the 2012 balance to Mr. Swarek is collateralized.

The above funding is not related to, and is distinct and different from, the equity funding that Mr. Swarek is to provide for years 2013 and 2014, which funding is to be provided to Pittman and Co. Farms, a Joint Venture and/or Patsy H. Pittman (Individually), in the amount of ($725,000.00) for 2013 to be repaid to Mr. Swarek on or before December 31, 2013 having the same loan and funding repayment language as the 2012 equity advance in the amount of ($834,000.00) made to Pittman and Co. Farms, a Joint Venture and Patsy H. Pittman, and ($725,000.00) for 2014 to be repaid to Mr. Swarek on or before December 31, 2014, having the same loan repayment and funding language as the 2012 equity advance in the amount of ($834,000.00) made to Pittman and Co. Farms, a Joint Venture and Patsy H. Pittman, said funding includes a ($272,000.00) administration fee and profit to be paid to Mr. Swarek directly for the 2013 year a ($272,000.00) administration fee and profit to be paid to Mr. Swarek directly for the 2014 year, all of which is more fully described in the loan agreement attached to the Motion to Borrow [DK#22]. The collateral for this equity funding in 2013 and 2014 will be a second mortgage, subordinate to the Johnson Deed of Trust, on 800 acres owned by Patsy H. Pittman, a First Assignment on all FSA government checks including but not limited to any CSP for the years 2013 and 2014, and a second mortgage on all crops grown and crop insurance for years 2013 and 2014.

7. At the final hearing on the Motion, the Debtor's additional request for additional funding for Mr. Swarek to complete the 2012/2013 wheat crop was approved and said approval is evidenced by this Order. The total funding request of the Debtor and Farms from Mr. Swarek for this crop shall be up to $233,000.00 (which includes the additional advance up to $127,000.00 as

contemplated by this Court's interlocutory order regarding same [DK#80]), is therefore approved, on a final basis. Mr. Swarek is a good faith Lender.

8. Welting Farms (a custom harvester of the Debtor and Farms) is granted a second lien upon the 2012/2013 wheat crop and wheat crop insurance in connection therewith. No further action is necessary to perfect the second liens of Welting Farms in the 2012/2013 wheat crop and wheat crop insurance. However, if and in the event Welting Farms requests, the Debtor and/or Farms, through Ty Pittman on behalf of Farms and/or the Debtor, are authorized and directed to execute such documents in order to perfect the second lien of Welting Farms. The second lien of Welting Farms is subordinate to the lien of Mr. Swarek, up to $233,000.00, on the 2012/2013 wheat crop and wheat crop insurance proceeds. Except to the extent of Mr. Swarek's first lien against the 2012/2013 wheat crop and wheat crop insurance, which first lien shall not exceed $233,000.00, Welting Farms shall be entitled to have Farms' and Debtor's debts to it satisfied in full through its second lien before additional claims or liens against the 2012/2013 wheat crop or wheat crop insurance are satisfied. Welting Farms also reserves its non-bankruptcy rights and remedies.

9. The secured claim of Johnson shall remain intact and the January 5, 2013, interest payment owed to Johnson by the Debtor pursuant to a promissory note in the amount of $1,848,000.00 executed by the Debtor for the benefit of Johnson on May 26, 2010, which is secured by the Johnson Deed of Trust, shall be made by the Debtor and/or Mr. Swarek as and when due, without prejudice to other claims of Johnson and without prejudice to the Debtor's efforts to restructure the remaining Johnson debts in her Plan. This interest payment shall be funded from the equity funding provided by Mr. Swarek described in paragraph 6 above or otherwise contemplated by this Order. In addition, the Debtor was previously ordered [DK#42] to pay Johnson an annual rent payment in the amount of $120,000.00 by December 15, 2012. Although the referenced rent

payment has not been paid, consistent with the Debtor's announcement at the hearing on the Motion, the annual rent payment in the amount of $120,000.00 owed to Johnson shall be paid by January 5, 2012.

10. While this Order is self-executing with respect to the grant of liens and security interests, to the extent Mr. Swarek and/or Welting Farms require additional, commercially reasonable documents to be executed, the Debtor and/or Farms, through Ty Pittman on behalf of Famrs and/or the Debtor are authorized and directed to execute the same.

11. This Order is a final Judgment.

SO ORDERED, this the 4th day of January, 2013.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE

APPROVED AND AGREED:

/s/Craig M. Geno
Craig M. Geno, Esq.
Attorney for the Debtor

/s/James P. Wilson, Jr.
James P. Wilson, Jr., Esq.
Attorney for Johnson

PRESENTED BY:
Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

F:\Users\Bankrupt\Pittman, Patsy\Pleadings\Cash Collateral\1st\Final Order-REDLINED VERSION WITH JIM WILSON CHANGES.wpd