## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:**    **PATSY H. PITTMAN** | **CHAPTER 11** |
| **Debtor** | **CASE NO. 12-10810-JDW** |

## MOTION TO INCUR POST-PETITION FINANCING WITH AMENDMENTS

COMES NOW Patsy H. Pittman (the"Debtor") and files this her Motion to Incur Post-Petition Financing With Amendments (the "Motion"), and in support thereof would respectfully show as follows, to-wit:

1.    The Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 364, 541, 1107, and related statutes, rules and orders of reference. This is a core proceeding.

2.    The Debtor and Thomas L. Swarek have entered into a series of agreements with respect to the financing of her operations, and operations which have been in conjunction with various related parties, as previously described to the Court.

3.    It has been necessary to enter into a series of amendments with respect to the post petition financing in order for the Debtor, and related entities, to continue farming.

4.    The Debtor has attached, marked as **Exhibit "1"** and incorporates by reference a proposed "Order Approving Post Petition Financing For Operations".

5.    Attached to Exhibit 1 are a series of amendments and agreements to prior contracts and agreements of the parties that are necessary for the continued operation of the Debtor and related parties.

6.      The Motion is in the best interest of the Debtor, her creditors and all parties in interest.

7.      Thomas L. Swarek is a good-faith lender.

8.      The agreements should be approved and the Order attached as Exhibit "1" entered by the Court after notice and a hearing.

WHEREFORE PREMISES CONSIDERED, the Debtor respectfully prays that this Honorable Court will grant the Motion. The Debtor prays for general relief.

THIS, the 25th day of April, 2013.

Respectfully submitted,

**PATSY H. PITTMAN**

By Her Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Margaret Middleton, Esq.
Margaret.Middleton@usdoj.gov

Andy Phillips, Esq.
Aphillips@mitchellmcnutt.com

William M. Bost, Jr.
wbost@bost-law.com

THIS, the 25th day of April, 2013.

Craig M. Geno

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:      PATSY H. PITTMAN                                    CHAPTER 11
            Debtor                                      CASE NO. 12-10810-JDW

# EXHIBIT "1"

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:      **PATSY H. PITTMAN**                    **CHAPTER 11**
                 **Debtor**                           **CASE NO.12-10810**

## ORDER APPROVING POST PETITION FINANCING FOR OPERATIONS

THIS CAUSE is before the Court upon then Motion to Approve an amended loan agreement between Debtor and Thomas L. Swarek. filed by the Debtor, Patsy H. Pittman (the "Debtor", and the Court being advised that Debtor and Thomas L. Swarek have agreed to the entry of amendments to the original loan agreement between and the Court having heard and considered the Motion and having received an announcement from counsel to the effect that there is agreement as to the amendment of the original loan agreement finds that the Motion should be sustained. Accordingly, the Court does hereby order, find, and adjudicate as follows, to-wit:

1.      The Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105,363,541, 1107, and related statutes, rules and orders of reference. This is a core proceeding.

2.      Notice and a hearing were adequate and appropriate under the circumstances.

3.      On February 27,2012, Debtor filed her voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code. On April 3, 2012 this Court entered an Interlocutory Order authorizing Thomas L. Swarek to make a post petition secured loan to be used by the Debtor for operational and crop production purposes. This order approved a loan agreement dated March 22,20012. Thomas L. Swarek has made advances to Debtor as provided by this loan agreement.

4.      Debtor and Thomas L. Swarek have executed an amendment to the March 22,2012 loan agreement, a copy of this amendment being attached hereto as Exhibit A. Part of the Amendment that is attached as Exhibit A is an agreement to deposit a deed into escrow with Craig

M. Geno, counsel for the Debtor. A copy of the proposed escrow agreement is attached as Exhibit B

to this order. The escrow arrangement was necessary to satisfy the Debtor's default in the repayment

of the original loan by Thomas L. Swarek.

5.    Debtor and Thomas L. Swarek have also executed a second amendment to the

March 22,2012 agreement a copy of which is attached hereto as Exhibit C.

6.    Debtor and Thomas L. Swarek have also agreed that Mr. Swarek will advance funds

pursuant to a Loan Agreement with certain of Debtor's family members know collectively as "The

Three Brothers." A copy of this agreement is attached hereto as Exhibit D.

7.    Debtor and Thomas L. Swarek have asked this court to enter an order approving all

the amendments to the agreement of March 22, 2012.

8.    These amendments to the agreement are necessary due to Debtor's change of plans

as to the crops to be produced on the Debtor's farm.

IT IS THEREFORE ORDERED that the joint request of Debtor and Thomas L. Swarek be and the

same is hereby granted, and the Exhibits A, B, C, and D are all approved. To the extent that the

Amended Agreements are already executed, they are approved. To the extent they are not executed

by the Debtor, the Debtor is hereby authorized and directed to execute same. Craig Geno is

authorized and directed to execute the escrow agreement, Exhibit C, and hold the executed deed on

the terms established by the agreement.

SO ORDERED, ADJUDGED AND DECREED, this _____ day of _____,

2013.


_____
JASON D. WOODARD
UNITED STATES BANKRUPTCY JUDGE

AGREED TO BY:

COUNSEL FOR DEBTOR
Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
Tel: 601-427-0048
Fax: 601-427-0050

COUNSEL FOR THOMAS L. SWAREK
William M. Bost, Jr., MSB No. 3702
1221 Grove Street
Vicksburg, MS 39183
Tel: 601-634-1802
Fax: 601-634-1596

## AMENDMENT TO MARCH 22, 2012 LOAN AGREEMENT

This Amendment to the March 22, 2012 (Case12-10810-DWH DOC28-1 Filed 04/03/12 and hereinafter referred to as "DOC28-1") agreement is made and entered into on February 25, 2013 by and between Patsy H. Pittman individually of P.O. Box 160, Darling MS 38623 hereinafter referred to as "Pittman", and Pittman and Co. Farms a Joint Venture of Easter Lily Farms, Inc., Dixie Lee Farms, Inc., Two Sisters Farms, Inc. and Beale Street Farms, Inc. of 227 Jackson Road, Sledge MS 38680 referred to as "Farms", and Thomas L. Swarek, of 1261 Pass Road, Gulfport MS 39501referred to as "Swarek".

Whereas all parties are desirous in amending the above described agreement known as "DOC28-1" in the United Stated Bankruptcy Court Northern District of Mississippi and hereinafter referred to as "DOC 28-1".

Whereas "DOC28-1" provided for future lending by "Swarek" to "Pittman" and "Farms" in the Year 2013 and 2014.

Whereas all parties wish to amend the terms of the above described lending to "Pittman" and "Farms", therefore the 2013 and 2014 lending to "Pittman" and "Farms" shall be amended as follows:

Whereas all parties now enter into an agreement for Farm Year 2013 which includes the wheat planted in December 2012 as follows:

Whereas "Swarek" has emergency funded to "Pittman" and "Farms" prior to this date on November 29, 2012 the amount of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS AND NO/100) and $10,000.00 (TEN TOUSAND DOLLARS AND NO/100 on February 12, 2013, for the 2012/2013 wheat crop pursuant to CASE 12-10810-DWH DOC 80 FILED 12/03/12 and hereinafter referred to as "DOC80", said $110,000.00 (ONE HUNDRED TEN THOUSAND AND NO/100), emergency funding is to accrue fees, interest rate and loan security requirements in an identical amount as "Pittman" and "Farms" paid to "ARM" in 2012 or required to pay ARM for any crop loan in 2013, which include a (12%) per annum interest rate and a (3%) loan origination fee.

All parties agree this new emergency loan and additional funding as described above and below for 2012/2013 wheat and soybeans shall be secured by and have the same repayment terms, conditions and requirements that was required by "Swarek" for the $110,000.00 (ONE HUNDRED TEN THOUSAND AND NO/100) that was advanced to "Pittman" and "Farms" on November 29, 2012 AND ON February 12, 2013 and those loan repayment requirements, terms, conditions and loan security requirements are described in detail on "DOC80" Pages 2,3,4 Paragraph "5" and Paragraph "6".

"Swarek" will fund the following to be used in farming operations by "Pittman" and "Farms" on the 874 acres (EIGHT HUNDRED SEVENTY-FOUR ACRES) of wheat that "Pittman" and "Farms" planted in December 2012 and will plant soybeans in June 2013 as follows:

EXHIBIT A

Page 1 of 15

Loan 2013-A  WHEAT.

1.   $  19,214.00    To be funded or furnished by "Swarek" on or Before
                     March 15, 2013   Herbicide for wheat

2.   $   5,240.00    To be funded or furnished by "Swarek" on or Before
                     March 15, 2013 Custom Apply 5 gallon per acre

3.   $  68,125.00    To be funded or furnished by "Swarek" on or Before
                     March 15, 2013 Top Dress 260lbs per acre nitrogen for
                     Wheat.

4.   $   7,860.00    To be funded or furnished by "Swarek" on or Before
                     March 15, 2013 Custom apply 260lbs per acre to wheat

5.   $  32,561.00    To be funded or furnished by "Swarek" on or Before
                     June 15, 2013 Harvest and haul wheat

6.   $ 100,000.00    Recently Funded  to "Swarek" "Farms" and "Pittman" in
                     emergency advance on November 29, 2012   pursuant to
                     "DOC80".

7.   $  10,000.00    Recently by "Swarek" Funded  to "Farms" and "Pittman" in
                     emergency advance on February 12, 2013 pursuant to "DOC80".

8.   $  10,000.00    On or before March 1, 2013 Payment on used  8420 Tractor
                     Serial #RW8420P036189 purchased for $120,000.00 from
                     "Swarek", balance of purchase after the down payment is
                     $110,000.00

9.   $   7,000.00    Truck payment on or Before March 31, 2013

10.  $  11,000.00    Ty Pittman on or Before March 4, 2013

11.  $   9,154.00    Miscellaneous to be funded on or Before April 1, 2013.

12.  $   8,404.62    Loan Origination Fee

Loan 2013-A  Total   $238,558.62
Wheat Funding 2013, to be repaid and due by "Pittman" and "Farms" on or before June 30,2013
according to the Promissory Note to be executed in favor of "Swarek" by "Pittman" and "Farms".

## Loan 2013-B   SOYBEANS.

| | | |
|---|---|---|
| 1. | $12,227.60 | To be furnished by "Swarek" on or Before June 15, 2013 Burn down w/application, Round up furnished by "Swarek" |
| 2. | $62,884.80 | To be furnished by "Swarek" on or Before June 15, 2013 Soybean seed, Seed to be furnished by "Swarek" to "Farms" and "Pittman" |
| 3. | $12,227.60 | To be furnished by "Swarek" on or Before July 1, 2013 Round up and herbicide to be furnished by "Swarek" |
| 4. | $ 4,367.00 | To be furnished by "Swarek" on or Before July 15, 2013 Late roundup application to soybeans to be furnished by "Swarek" |
| 5. | $13,101.00 | To be furnished by "Swarek" on or Before July 15, 2013 Fungicide to be furnished by "Swarek" |
| 6. | $13,974.00 | To be furnished by "Swarek" On or Before September 30, 2013 Desicant to be furnished by "Swarek" |
| 7. | $21,218.00 | To be furnished or funded by "Swarek" on or Before September 30, 2013 Harvest and haul soybeans |
| 8. | $20,000.00 | On or before March 1, 2013 Payment on used 8420 Tractor Serial #RW8420P036189 purchased for $120,000.00 from "Swarek", balance of purchase after payment is $90,000.00 |
| 9. | $15,000.00 | Purchase Hipper due on or Before July 15, 2013 |
| 10. | $35,000.00 | Don Dees Cropland rent due on or Before March 1, 2013. |
| 11. | $24,000.00 | Patsy Pittman Cropland rent due on or Before March 1, 2013 to be paid $6,000.00 on March 1, 2013 and $2,000.00 per month thereafter for (9) months. |
| 12. | $ 7,020.00 | Loan Origination Fee |

Loan 2013-B  Total    $241,020.00 Soybean Funding 2013.
Soybean Funding 2013, to be repaid and due by "Pittman" and "Farms" on or before October 15, 2013 according to the Promissory Note to be executed in favor of "Swarek" by "Pittman" and "Farms".

<u>Loan 2013-C  (Corn 1831 acres)</u>

All parties agree that this new 2013 corn loan is subject to bankruptcy approval before being funded by "Swarek", which "Pittman" and Farms" agree to obtain.

All parties agree to the following additional and separate funding to be repaid by "Pittman" and "Farms" to "Swarek by on or Before December 10, 2013.  These funds are due and payable December 10, 2013.

1.  $260,605.00    Fertilizer to be furnished by "Swarek" or funds for purchase beginning April 1, 2013.

2.  $201,377.00    Seed Monsanto Product or equivalent to be furnished by "Swarek" on or Before March 15, 2013.

3.  $ 27,461.00    Fungicide Monsanto Product or equivalent to be furnished by "Swarek on or Before May 1, 2013.

4.  $ 27,461.00    Roundup and Herbicide  Monsanto Product or equivalent to be furnished by "Swarek" on or Before April 1, 2013 as needed.

5.  $  9,154.00    Insecticide Monsanto or equivalent to be furnished by "Swarek" on or Before May 1, 2013 as needed.

6.  $ 18,307.00    Custom work to be funded as needed beginning April 1, 2013.

7.  $ 45,768.00    Fuel to be funded as needed beginning March 15, 2013.

8.  $ 18,307.00    Labor to be funded as needed beginning March 25, 2013.

9.  $  9,154.00    Repairs to be funded beginning March 25, 2013.

10.  $ 36,614.00    Crop insurance to be funded on or Before November 15, 2013.

11.  $ 64,075.00    Harvesting to be funded as needed beginning August 20, 2013.

12.  $124,000.00    Equipment Note to be paid to "Swarek" for Equipment Loan payment April 9, 2012 due on or Before March 1, 2013.

13.  $ 32,000.00    Wafford Cropland rent due on or Before December 1, 2013.

14.  $ 55,000.00    Don Dees Cropland rent due on or Before December 1, 2013.

15.  $ 30,000.00    Bulliner  Cropland rent due on or Before December 1, 2013.

16.  <u>$ 28,778.49</u>    Loan Origination Fee

<u>Loan 2013-C  Total      $988,061.49</u>
<u>To be repaid and due by "Pittman" and "Farms" or before December 10, 2013 according to the Promissory Note to be executed in favor of "Swarek" by "Pittman" and "Farms".</u>

### Loan 2013-D.

All parties agree to the following additional and separate funding to be repaid by "Pittman" and "Farms" to "Swarek" by December 31, 2013.  These funds are due and payable December 31, 2013.

1. $148,000.00    to "Pittman" to bring current the 2013 December 5th payment due Johnson on First Mortgage on (800) acres.  This payment is also described in above Paragraph B.

2. $ 5,920.00    4% penalty on late payment to Johnson on First Mortgage on (800) acres

3. $ 4,500.00    Attorney fees assessed from Johnson for late payment on (800) acres

4. $272,000.00    Guaranteed administration fee and profit for "Swarek" for 2012 year to be Paid by "Swarek" to "Swarek".

5. $ 16,000.00    On rent due to Quitman County School Land Farm Serial #617

6. $ 18,000.00    By March 15, 2013 to Tommy Dale, The Dale Estate Farm Serial #574

7. $ 10,000.00    By March 15, 2013 to Harriet Rooks Farm Serial #1376

**Loan 2013-D Total     $474,420.00**
**To be repaid and due by "Pittman" and "Farms" or before December 31, 2013 according to the Promissory Note to be executed in favor of "Swarek" by "Pittman" and "Farms".**

"Pittman" and "Farms" agrees to and will immediately execute or cause to be executed all documents, Promissory Notes, UCC-1 / UCC-1F Financings Statements, Security Agreements, Assignments of FSA Direct and Sure FSA Payments, Mississippi Form CCC-36 Assignment of Payments NRCS-CPA 1286 for Conservation Programs and Assignment of Payments owned by "Pittman" and "Farms" and on the rental land the wheat and soybean is planted on by "Pittman" and "Farms". All documents, Promissory Notes, UCC-1 / UCC-1F Financings Statements, Security Agreements to be approved by "Swarek" and presented to "Pittman" and "Farms" for legal proper signatures in favor of "Swarek", and that "Swarek" deems necessary to secure the 2013 and 2014 funding.

It is understood by all parties that if any in the event "Farms" and or "Pittman" makes no payments or partial payments toward Loan 2013-A, Loan 2013-B, Loan 2013-C and 2013 Loan-D, totaling ($1,992,060.11) ONE MILLION NINE HUNDRED NINETY-TWO THOUSAND SIXTY DOLLARS AND 11/100 due to "Swarek" by their due dates as stated in each Loan 2013-A, Loan 2013-B, Loan 2013-C and Loan 2013-D as shown above, of this Amendment Agreement then in that event all or part of any one of the Loan 2013-A, Loan 2013-B, Loan 2013-C and Loan 2013-D totaling ($1,992,060.11) ONE MILLION NINE HUNDRED NINETY-TWO THOUSAND SIXTY DOLLARS AND 11/100 that remains

due and owing to "Swarek" after "Farms" and or "Pittman" payments are applied, to "Swarek" after the dues dates for Loan 2013-A, Loan 2013-B, Loan 2013-C and Loan 2013-D shall be collected by "Swarek" and "Pittman" and "Farms" agree to pay all reasonable attorney fee's incurred by "Swarek" in the collection process of Loan 2013-A, Loan 2013-B, Loan 2013-C and Loan 2013-D. Any cost of collection and attorney fees incurred by "Swarek" will be added to the balance due on any of the Loan 2013-A, Loan 2013-B, Loan 2013-C and Loan 2013-D due to "Swarek" and that balance shall be foreclosed by "Swarek's" Mortgage on "Pittman's" (800) acres EIGHT HUNDRED acres, and in the event there is any deficiency after "Swarek" foreclosures on "Pittman's" (800) acres EIGHT HUNDRED acres then "Swarek" will proceed in any other legal collection efforts "Swarek" may have available.

"Pittman" fully understands she is pledging her (800) acres for Loan 2013-A, Loan 2013-B, Loan 2013-C and Loan 2013-D, totaling ($1,992,060.11) ONE MILLION NINE HUNDRED NINETY-TWO THOUSAND SIXTY DOLLARS AND 11/100 required by "Swarek" to fund this amendment agreement.

It is understood and agreed by all parties that "Pittman" is pledging her (800) acres EIGHT HUNDRED acres of land that is now pledged in 2012 to "Swarek" as additional collateral to the above described notes, Loan 2013-A, Loan 2013-B, Loan 2013-C and Loan 2013-D totaling ($1,992,060.11) ONE MILLION NINE HUNDRED NINETY-TWO THOUSAND SIXTY DOLLARS AND 11/100 and are due to "Swarek" on the due dates shown above for each note. In the event no payments or partial payments are received on any of the Loan 2013-A, Loan 2013-B, Loan 2013-C and Loan 2013-D described above by their respective due dates then Any amounts due and owing and all reasonable attorney fee's incurred by "Swarek" in the collection process will be added to the balance due and that balance shall be foreclosed by "Swarek's" Mortgage.

All of the funding provided by "Swarek" to "Pittman" and "Farms" that is described in this Amendment will be secured by but not limited to the following documents and or instruments to be provided by "Pittman" and "Farms" to "Swarek", and "Pittman" and "Farms" will cause any documents presented by "Swarek" to be immediately and legally properly executed, or "Swarek" can discontinue any funding and declare all loans due and payable immediately.

A. Second Mortgage on approximately (800) Eight Hundred acres of farmland owned by "Pittman" and hereinafter referred to as "Land", and a

B. First Mortgage on approximately ($100,000.00) One Hundred Thousand Dollars in direct government payments due to "Farms" from its 2013 and 2014 Farm Plan in Quitman County Mississippi.

C. FSA Quitman County, Mississippi Form CCC-36 Assignment of Payments NRCS-CPA 1286 Assignment of Payments showing "Swarek" as the First Beneficiary which amounts to approximately ($80,000.00) Eighty Thousand Dollars in conservation stewardship program due to "Farms" from Quitman County Mississippi for "Farms" 2012, 2013 and 2014 Farm Plan.

D. Any FSA SURE payment that will be due to "Farms" in the Quitman County Mississippi for the year 2012, 2013 and 2014 due to "Pittman" and "Farms".

E. A First Assignment on all crops planted on approximately (2,565 acres) Two Thousand Five Hundred Sixty-Five acres to be farmed by "Pittman" and "Farms" in 2013 in Quitman County and hereinafter referred to as "Crops".

F. A First Assignment on all crop insurance for wheat, soybeans and corn that "Pittman" and "Farms" has procured for 2013.

G. (4) Promissory Notes executed by "Pittman" and "Farms" in favor of "Swarek.

H. A First and or Second lien on all equipment owned by "Pittman" and "Farms" including but not limited to Power units, ect.

I. A First Assignment on all crop insurance for all crops planted on approximately (2,565 acres) Two Thousand Five Hundred Sixty-Five acres to be farmed by "Pittman" and "Farms" in 2013 in Quitman County and hereinafter referred to as "Crop Ins".

J. Letters authorizing the release of all information regarding but not limited to FSA, NRCS, Crop Insurance, to "Swarek" from "Pittman" and "Farms".

A First Assignment on crop insurance for the (874 acres) Eight Hundred Seventy-Four acres of wheat and soybeans and a First Assignment on the crop insurance for (1,831 acres) One Thousand Eight Hundred Thirty-One acres of corn planted by "Farms" on the approximately (2,565 acres) Two Thousand Five Hundred Sixty-Five acres of land.

"Pittman" and "Farms" agrees that the 2012 funding made by "Swarek" to "Pittman" and "Farms" is past due and outstanding as of this date. In exchange for "Swarek" not commencing foreclosure proceeding for all outstanding balances due by "Farms" for the 2012 Crop Year, "Farms" agrees to deposit a valid properly executed Warranty Deed to Craig Geno to be held by Craig Geno for "Swarek's" benefit and to be delivered to "Swarek" by Craig Geno on November 1, 2012 in the event "Swarek" does not receive the 2012 crop insurance check from AgriLogic and the Promissory Note and Deed of Trust provided to "Swarek" by "Farms" for the Crop Year 2012 is not paid in full, in the event the 2012 loan balance is not paid in full by September 1, 2013

"Swarek" and "Pittman" agrees to attempt to sell the 800 acres (EIGHT HUNDRED ACRES) for a period starting September 1, 2013 – December 31, 2013 and in the event no cash offers are delivered in full to "Swarek" that would pay the First Mortgage to Johnson and the 2012 funding that is due to "Swarek" and an amount beyond the 1st and 2nd Mortgages that would be acceptable to "Pittman" and "Farms" then and in that event and after December 31, 2013 "Swarek" may proceed privately to sell the 800 acres (EIGHT HUNDRED ACRES) to the highest bidder that is available to "Swarek" and "Swarek" may use his own discretion to whom that bidder may be. "Swarek" shall be pay out of any said sale funds (after expense of the sale) to the First Mortgage due to Johnson and any funds remaining shall be applied to "Swarek's" 2012 funding that was due December 31, 2012 as described in CASE12-10810-DWH DOC28-1 filed April 3, 2012. Any balances due by "Pittman" and "Farms" to "Swarek" after said application of above funds shall be due, owing and collectable under that law available to "Swarek" and "Swarek" may proceed with all collection efforts.

"Pittman" and "Farms" agrees to pay the equipment payment due to "Swarek" of $123,929.98 due March 1, 2013 to "Swarek" described in the Equipment Agreement and Promissory Note dated April 9, 2012 from the loan proceeds that "Swarek" furnishes to "Pittman" and "Farms" for the 2013 corn crop.

"Pittman" and "Farms" agrees to purchase a used 8420 Tractor from "Swarek" for the price of $120,000.00 ONE HUNDRED TWENTY THOUSAND DOLLARS AND NO/100, Serial Number #RW8420P036189, "Pittman" and "Farms". "Pittman" and "Farms" agrees to pay $10,000.00 TEN THOUSAND AND NO/100 from the wheat crop on or before June 15, 2013. "Pittman" and "Farms" agrees to pay $20,000.00 TWENTY THOUSAND DOLLARS AND NO/100 from the 2013 soybean crop due on or before October 5, 2013 and the balance of $90,000.00 NINETY THOUSAND DOLLARS AND NO/100 due to "Swarek" will be added to the current balance of the equipment loan agreement and promissory note dated April 9, 2012.

It is agreed and binding by all parties that "Swarek" will loan for the year 2014 an identical amount to "Pittman" and "Farms" as the 2013 Loan A, Loan B, Loan C and Loan D, made to "Pittman" and "Farms" by "Swarek", If and only if, the 2013 Loan A, Loan B, Loan C and Loan D made to "Pittman" and "Farms" by "Swarek" is not in default, then "Swarek" is obliged to fund "Pittman" and "Farms" for 2014 under the same payment terms, conditions, funding dates, collateral requirements as for the 2013 Loan A, Loan B, Loan C and Loan D. If there any defaults in the payments required for the 2012 and 2013 loans, "Swarek" may, but is not required to fund for 2014, and will only be obligated to lend for 2014 at "Swarek's" discretion.

All parties agree in the event "Swarek" determines he has to provide to "Pittman" and "Farms" additional lending or to perform work or purchase material for and on behalf of or for benefit of "Pittman" and "Farms" over the amounts specified in 2012, or in 2013, Loan 2013(A), Loan 2013(B), Loan 2013(C) and Loan 2013(D), Loan 2014(A), Loan 2014(B), Loan 2014(C) and Loan 2014(D) funding that "Swarek" may add any such funding to the principal of any outstanding loan or loans of "Swarek's" choice that "Swarek" has in place at the time of such funding and said funding will be subject to the same terms, fees and conditions as the Promissory Note or loan that additional funding amount was added to.

All parties agree that in the event "Swarek" should determine he has to expend money to protect the crops grown or the collateral used for any loans to "Pittman" and "Farms" by "Swarek" that "Swarek" may add any such amounts expendable by "Swarek to the principal of any outstanding loan or loans of "Swarek's" choice that "Swarek" has in place at the time of such funding and said emergency lending will be subject to the same terms, fees and conditions as the Promissory Note or loan that additional funding amount was added to.

"Pittman" and "Farms" hereby with their signatures to this amended agreement grant a limited Power of Attorney to "Swarek" and give permission for "Swarek" to sign on behalf of "Pittman" and "Farms", to perform on behalf of "Pittman" and "Farms", and or obtain any information on behalf of "Pittman" and "Farms", in connection to the following, All grain elevators that "Pittman" and or "Farms" delivers grain to or contracts to deliver grain. All government agencies that are in connection with "Pittman" and "Farms" including but not limited to FSA, NRCS, and other offices. All crop insurance companies that have insured "Pittman" and "Farms" for crop years 2012, 2013 and 2014. "Pittman" and "Farms" give full authority to "Swarek" to endorse on behalf of "Pittman" and "Farms" all checks that are received by "Pittman" and "Farms" for crop proceeds, FSA checks, NRCS checks, crop insurance checks or other checks that are the

result of farming by "Pittman" and "Farms", and apply any such proceeds to the debt due to "Swarek" from "Pittman" and "Farms".

"Pittman" and "Farms" agree to execute any further documents required of them by "Swarek" to carry out the terms of this agreement. Except as modified herein, the original agreement hereinabove referred to as "DOC 28-1" remains in full force and effect.

This agreement is the entire agreement and no prior verbal or future verbal agreements if applicable to this agreement will be valid.

"Pittman" and "Farms" acknowledges the receipt of independent counsel who has fully and adequately explained the nature and extent of the obligations and agreements undertaken.

All parties agree the jurisdiction of any litigation that would arise and commence by any of the parties to this Amendment Agreement is to the Circuit Court of Humphreys County, Mississippi.

This agreement may only be altered in the form of a written agreement executed by all parties.

_Patsy H. Pittman, Individually_

_Thomas L. Swarek_

STATE OF MISSISSIPPI
COUNTY OF _____

Personally appeared before me, the undersigned authority in and for said County and State, on this the 25 day of February, 2013, within my jurisdiction, the within named **Patsy H. Pittman,** who acknowledged before me that she executed the above and foregoing instrument on the day and year therein written and for all purposes therein stated.

**Notary Public**
**My Commission Expires:**

STATE OF MISSISSIPPI
COUNTY OF HARRISON

Personally appeared before me, the undersigned authority in and for said County and State, on this the ___ day of February, 2013, within my jurisdiction, the within named **Thomas L. Swarek,** who acknowledged before me that he executed the above and foregoing instrument on the day and year therein written and for all purposes therein stated.

**Notary Public**
**My Commission Expires:**

## PITTMAN AND CO FARMS, A JOINT VENTURE OF EASTER LILY FARMS, INC, DIXIE LEE FARMS, INC., TWO SISTERS FARMS, INC. AND BEALE STREET FARMS, INC.


*Easter Lily Farms, Inc.*
Easter Lily Farms, Inc.

Name: *Paige P Miller Patrick*

Title: *President*


STATE OF MISSISSIPPI
COUNTY OF *Oahoma*

        Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **Easter Lily Farms, Inc.**, a Mississippi Corporation, by and through its duly authorized member, **Paige P. Miller**, who as a President of the Mississippi Corporation acknowledged to and before me that she signed and delivered the above and foregoing instrument on the day and year therein mentioned as the act and deed of the above named Mississippi Corporation after first being duly authorized so do to.

        GIVEN under my hand and official seal of office, this the **25** day of February, 2013.

*Rachel Lawton*
Notary Public
My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 86556
RACHEL LAWTON
Commission Expires
Sept. 13, 2015
OAHOMA COUNTY

## PITTMAN AND CO FARMS, A JOINT VENTURE OF
## EASTER LILY FARMS, INC, DIXIE LEE FARMS, INC.,
## TWO SISTERS FARMS, INC. AND BEALE STREET FARMS, INC.

_(signature)_
Dixie Lee Farms, Inc.

Name: _(signature)_

Title: President

STATE OF MISSISSIPPI
COUNTY OF Coahoma

       Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **Dixie Lee Farms, Inc.**, a Mississippi Corporation, by and through its duly authorized member, **Dixie Lee**, who as a President of the Mississippi Corporation acknowledged to and before me that she signed and delivered the above and foregoing instrument on the day and year therein mentioned as the act and deed of the above named Mississippi Corporation after first being duly authorized so do to.

       GIVEN under my hand and official seal of office, this the 23 day of February, 2013.

_(signature)_
Notary Public
My Commission Expires:

_(notary seal)_
STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 86866
RACHEL LAWTON
Commission Expires
Sept. 13, 2015
COAHOMA COUNTY

PITTMAN AND CO FARMS, A JOINT VENTURE OF
EASTER LILY FARMS, INC. DIXIE LEE FARMS, INC.
TWO SISTERS FARMS, INC. AND BEALE STREET FARMS, INC.

Two Sisters Farms, Inc.

Name: _____

Title: _____

STATE OF MISSISSIPPI
COUNTY OF _Coahoma_

Personally appeared before me, the undersigned authority in and for the aforesaid
jurisdiction, the within named Two Sisters Farms, Inc., a Mississippi Corporation, by and
through its duly authorized member, Donna H. Dees, who as a President of the Mississippi
Corporation acknowledged to and before me that she signed and delivered the above and
foregoing instrument on the day and year therein mentioned as the act and deed of the above
named Mississippi Corporation after first being duly authorized so do to.

GIVEN under my hand and official seal of office, this the 22 day of February, 2013.

_____
Notary Public
My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 2576
DON A. DEES
Commission Expires
Sept. 27, 2015
COAHOMA COUNTY

## PITTMAN AND CO FARMS, A JOINT VENTURE OF EASTER LILY FARMS, INC, DIXIE LEE FARMS, INC., TWO SISTERS FARMS, INC. AND BEALE STREET FARMS, INC.

Beale Street Farms, Inc.

Name:

Title:

STATE OF MISSISSIPPI
COUNTY OF _Coahoma_

    Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **Beale Street Farms, Inc.**, a Mississippi Corporation, by and through its duly authorized member, **Patsy H. Pittman**, who as a President of the Mississippi Corporation acknowledged to and before me that she signed and delivered the above and foregoing instrument on the day and year therein mentioned as the act and deed of the above named Mississippi Corporation after first being duly authorized so do to.

    GIVEN under my hand and official seal of office, this the 25 day of February, 2013.

                                                Notary Public
                                                My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 2578
DON A. DEES
Commission Expires
Sept. 27, 2015
COAHOMA COUNTY

_____

Ty Pittman, authorized Agent for
Pittman and Co. Farms, a Joint Venture


STATE OF MISSISSIPPI
COUNTY OF _Coahoma_


    Personally appeared before me, the undersigned authority in and for said County and
State, on this the 25 day of February, 2013, within my jurisdiction, the within named
**Ty Pittman**, who acknowledged before me that he executed the above and foregoing instrument
on the day and year therein written and for all purposes therein stated.


                                 _____
                                 **Notary Public**
                                 **My Commission Expires:**

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 2578
DON A. DEES
Commission Expires
Sept. 27, 2015
COAHOMA COUNTY


By your signature below agree and approve the above Amended Agreement
and all as attorney for "Pittman" agree to execute an agreed order that follows
the forgoing Amended Agreement for the bankruptcy judge to sign.


_____    Date:_____
Craig Geno Attorney for Pittman

FEB-22-2012 04:57  FROM:WATTS & ASSOCIATES    16626273343                TO:12288650999            P.15/16

Feb. 22. 2013  4:07PM                                                    No. 7405    ² 16

Ty Pittman, authorized Agent for
Pittman and Co. Farms, a Joint Venture



STATE OF MISSISSIPPI
COUNTY OF _Coahoma_

Personally appeared before me, the undersigned authority in and for said County and
State, on this the 22 day of February, 2013, within my jurisdiction, the within named
Ty Pittman, who acknowledged before me that he executed the above and foregoing instrument
on the day and year therein written and for all purposes therein stated.

_____
Notary Public
My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 2578
DON A. DEES
Commission Expires
Sept. 27, 2015
COAHOMA COUNTY

By your signature below agree and approve the above Amended Agreement
and all as attorney for "Pittman" agree to execute an agreed order that follows
the forgoing Amended Agreement for the bankruptcy judge to sign.

_____        Date: ___2-25-13___
Craig Geno Attorney for Pittman
Jarret P. Nichols, Esq.

Page 15 of 15

## ESCROW AGREEMENT

THIS ESCROW AGREEMENT (herein referred to as "Escrow Agreement") is made and entered into on this the ___ day of February 2013 by and between Ty Pittman, Patsy Pittman, and Pittman and Co. Farms (herein referred to as "Pittman"), Thomas L. Swarek (herein referred to as "Swarek") and Craig Geno, (herein referred to as "Escrow Agent").

WHEREAS, By Agreement dated March 22, 2012 Swarek agreed to provide post petition financing to Pittman, and this agreement was approved by the Bankruptcy Court of the Northern District of Mississippi by order dated April 3, 2012 (Docket Entry 28); and

WHEREAS, Swarek fully performed his obligations under this agreement, but Pittman is in default having failed to make some or all of the payments to Swarek called for in this agreement, and

WHEREAS, Pittman has also defaulted in the payment of a certain promissory note due to Johnson Brothers Rental Company, LP ("Johnson"), and

WHEREAS, Pittman has requested Swarek to bring the Johnson note current by paying the January 4, 2013 installment of $147,860.00 plus penalty of $5,913.60 and accumulated attorneys fees of $3,500.00, and

WHEREAS, Swarek has paid the sum of $153,753.60 plus attorneys fees of $3,500.00 to Johnson to cure this default on the condition that Pittman executed an unconditional warranty deed ("Deed") conveying the property described in exhibit A to Swarek said deed to be held by Escrow Agent until December 31, 2013 pending the full performance by Pittman of the conditions of this agreement, and

WHEREAS, Escrow Agent shall hold the Deed at the special request of Pittman, and

1    Exhibit B

WHEREAS, the parties now desire to enter into this Escrow Agreement and to agree as to actions to be taken by the Escrow Agent for the benefit of the various parties to this Escrow Agreement.

THEREFORE, in consideration of the mutual promises and covenants made herein, the receipt and sufficiency of which are hereby acknowledged by the parties, Pittman, Swarek, and Escrow Agent agree as follows:

1. Upon execution of this Escrow Agreement by Pittman, Swarek, and Escrow Agent, Pittman shall deposit a warranty Deed (copy attached hereto as Exhibit A) with Escrow Agent, and Escrow Agent shall receive the original Deed from Pittman and hold same in escrow, on the terms and conditions set forth below. If Pittman shall cure all defaults of the sums owed to Swarek by September 1, 2013, then Escrow Agent shall return the Deed to Pittman. Should Pittman fail to pay all sums due to Swarek by September 1, 2013, then Swarek will have access to the property described in Exhibit A for the purpose of showing and marketing the property. Should Pittman fail to make the payments due Swarek by December 31, 2013, then the obligation of Escrow Agent to deliver the Deed to Swarek becomes absolute and final and Escrow Agent shall deliver deed forthwith.

2. Escrow Agent shall use reasonable diligence and care in the performance of its obligations hereunder. Escrow Agent shall be fully protected with respect to any action taken in accordance herewith or transacted in good faith. Escrow Agent shall not be bound or in any way affected by any notice of any modification, cancellation, abrogation or rescission of this Escrow Agreement, or any amendments thereto, or of any factor or circumstance affecting or alleged to affect the rights or liabilities of the parties other than as set forth in

2

this Escrow Agreement, or affecting or alleged to affect the rights or liabilities of any other persons, unless signified to it in writing, delivered to it, signed by all parties to this Escrow Agreement, and by all such other persons; nor, in the case of modification to this Escrow Agreement, unless such modification shall be approved in writing by the Escrow Agent.

3. The undersigned parties agree to indemnify and hold harmless Escrow Agent from and against any and all losses, costs, damages, liabilities or expenses, including the cost of reasonable attorneys fees to which Escrow Agent may be put or which it may incur by reason of or in connection with this Escrow Agreement; however, that none of the undersigned shall indemnify Escrow Agent with respect to any such losses, costs, damages, liabilities or expenses occasioned by Escrow Agent's gross negligence or willful and wanton acts. Undesigned agree not to bring any claim against Escrow Agent provided Escrow Agent carries out the terms of this Escrow Agreement as set forth herein.

IN WITNESS WHEREOF, the parties have signed this Escrow Agreement on the day and year first written above.

PITTMAN AND CO. FARMS

BY:_____

TWO SISTERS FARMS, INC.
NAME:_____
TITLE: _____
BY:_____

EASTER LILY FARMS INC.
NAME:_____
TITLE:_____

BY:_____
DIXIE LEE FARMS, INC.
NAME: _____
TITLE: _____

BEALE STREET FARMS, INC.
NAME: _____
TITLE: _____


_____
PATSY PITTMAN


_____
TY PITTMAN


_____
THOMAS L. SWAREK

CRAIG GENO
ESCROW AGENT

BY:_____

<u>AMENDMENT TO FEBRUARY 25, 2013 LOAN AGREEMENT AMENDMENT</u>

This Amendment to the (February 25, 2013 Amendment to March 22, 2012 Loan Agreement) hereinafter referred to as "DOC Feb 25, 2013" agreement is made and entered into on April 25, 2013 by and between Patsy H. Pittman individually of P.O. Box 160, Darling MS 38623 hereinafter referred to as "Pittman", and Pittman and Co. Farms a Joint Venture of Easter Lily Farms, Inc., Dixie Lee Farms, Inc., Two Sisters Farms, Inc. and Beale Street Farms, Inc. of 227 Jackson Road, Sledge MS 38680 referred to as "Farms", and Thomas L. Swarek, of 1261 Pass Road, Gulfport MS 39501referred to as "Swarek".

Whereas all parties are desirous in amending the above described agreement known as "DOC Feb 25, 2013".

Whereas "DOC Feb 25, 2013" provided for lending by "Swarek" to "Pittman" and "Farms" in the Year 2013.

Except as herein stated and amended all terms, conditions of the "DOC Feb 25, 2013" Loan Amendment are in full effect.

Whereas all parties wish to amend the terms of the above described lending to "Pittman" and "Farms", therefore the 2013 lending to "Pittman" and "Farms" shall be amended as follows:

Whereas all parties now enter into an agreement for Farm Year 2013 which amends Loans "2013 Corn C" and "2013 Soybean B" as described in "DOC Feb 25, 2013".

Whereas "Farms" because of rain has been unable to plant corn timely as set out in Loan "2013 B" in "DOC Feb 25, 2013" and because of uncertainty in the ability for "Farms" to obtain crop insurance for all crops because of the 2012 crop insurance premium of "Farms" not being paid, "Farms" has requested a modification of Loans "2013 B" and "2013 C" in "DOC Feb 25, 2013". The Loans "2013 A" and "2013 D" have been fully funded by "Swarek" and are to remain in place and "Farms" agrees to pay Loans "2013 A" and "2013 D" described in "DOC Feb 25, 2013" when due.

"Farms" is desirous in subleasing approximately 2,192 acres of farmland that is now currently leased by "Farms" to 3 Brothers Farms Tax Id# 46-2248528 a Joint Venture, P.O. Box 132, Darling, MS, 38623, Phone 662-934-1041 and herein after referred to as "3 Brothers".

"Farms" is desirous in cancelling Loans "2013 B" and "2013 C" of "DOC Feb 25, 2013" and borrowing money for the planting of soybeans on Farm Lease (School Land #617 approximately 150 acres) and Farm Lease (Harriet Rooks approximately 211 acres) for a total of 360 acres. This loan of 360 acres of soybeans will be referred to as "Loan 2013 E Soybeans". The "Loan 2013 E Soybeans" will be funded or furnished as follows and there will be a ($3,883.95 loan origination fee) along with (12% A.P.R. interest) accruing from date of Promissory Note charged by "Swarek" for "Loan 2013 E Soybeans".



## LOAN 3 BROTHERS FARMS 2013 SOYBEAN

"Swarek" will loan or furnish to "3 Brothers" the following for soybeans and "3 Brothers" will execute a Promissory Note in favor of "Swarek" due and payable October 15, 2013 in the amount of $617,165.44 (SIX HUNDRED SEVENEEN THOUSAND ONE HUNDRED SIXTY-FIVE DOLLARS AND 44/100) (12% APR interest) accruing from the date of Promissory Note along with a ($19,917.44 loan origination fee) for the following loan.

### 3 Brothers Farms 2013 Soybean Loan

| | | |
|---|---|---|
| 1. | $127,136.00 | Soybean Seed to be disbursed by "Swarek directly to provider upon written request of "Three Brothers". |
| 2. | $ 32,880.00 | Fungicide to be furnished by "Swarek". |
| 3. | $ 78,912.00 | Herbicide to be furnished by "Swarek". |
| 4. | $ 10,960.00 | Insecticide to be furnished by "Swarek". |
| 5. | $ 43,840.00 | Custom work to be disbursed to "Three Brothers" upon written request. |
| 6. | $ 54,800.00 | Fuel/Diesel to be disbursed direct to Diesel distributor upon written request. |
| 7. | $ 21,920.00 | Labor to be disbursed to "Three Brothers" upon written request. |
| 8. | $ 54,800.00 | Harvest to be disbursed to Custom Harvester on or before September 15, 2013 upon written request of "Three Brothers". |
| 9. | $128,000.00 | Farm Equipment payment to be disbursed to "Swarek" by "Swarek" for Equipment Loan payment Agreement April 9, 2012, payment due on or before March 1, 2013. |
| 10. | $ 24,000.00 | Cropland rent Patsy Pittman rent due on or before December 1, 2013. |
| 11. | $ 20,000.00 | 8420 Tractor Payment paid to "Swarek" by "Swarek". |
| 12. | $ 19,917.44 | Loan Origination Fee due to "Swarek" to be disbursed to "Swarek" by "Swarek". |

3 Brothers Farms 2013 Soybean Loan Total    $617,165.44
Soybean Funding 2013, to be repaid and due by "3 Brothers" on or before October 15,2013 according to the Promissory Note to be executed in favor of "Swarek" by "3 Brothers".

K.  Copies of Minutes from all "3 Brothers" corporations and "3 Brothers" Joint Venture approving all transactions herein.

"Pittman" and "Farms" agrees to and agrees to cause "3 Brothers" and will immediately execute or cause to be executed all documents, Promissory Notes, UCC-1 / UCC-1F Financings Statements, Security Agreements, Assignments of FSA Direct and Sure FSA Payments, Mississippi Form CCC-36 Assignment of Payments NRCS-CPA 1286 for Conservation Programs and Assignment of Payments owned by "Pittman" and "Farms" and on the rental land the wheat and soybean is planted on by "Pittman" and "Farms". All documents, Promissory Notes, UCC-1 / UCC-1F Financings Statements, Security Agreements to be approved by "Swarek" and presented to "Pittman" and "Farms" for legal proper signatures in favor of "Swarek", and that "Swarek" deems necessary to secure the 2013 "Three Brothers" Soybean Loan.

"Pittman" agrees to further secure "Swarek" for all loans, (Loan 2013-A),  (Loan 2013-D), (Loan 2013-E Soybeans),  (Loan 2013 3 Brothers Farms Soybean Loan) with (800 acres) of farmland in Quitman County, Mississippi.

It is understood by all parties that in the event "Farms", "3 Brothers" and or "Pittman" makes no payments or partial payments toward (Loan 2013-A),  (Loan 2013-D), (Loan 2013-E Soybeans),  (Loan 2013 3 Brothers Farms Soybean Loan)  by their due dates as stated in each  (Loan 2013-A) ,  (Loan 2013-D)  and  (Loan 2013-E)  and  (Loan 2013 3 Brothers Farms Soybean Loan)  as shown above any amounts, that remains due and owing to "Swarek" after "Farms", "3 Brothers" or "Pittman" payments are applied, to all loans then "Swarek" will begin legal collection and "Pittman" and "Farms" agree to pay all reasonable attorney fee's incurred by "Swarek" in the collection process of  (Loan 2013-A),  (Loan 2013-D),  (Loan 2013-E Soybeans), (Loan 2013 3 Brothers Farms Soybean Loan).  Any cost of collection and attorney fees incurred by "Swarek" will be added to the balance due on any of the (Loan 2013-A),  (Loan 2013-D), (Loan 2013-E Soybeans),  (Loan 2013 3 Brothers Farms Soybean Loan)  due to "Swarek" and that balance shall be foreclosed by "Swarek's" Mortgage on "Pittman's" (800) acres EIGHT HUNDRED acres, and in the event there is any deficiency after "Swarek" foreclosures on "Pittman's" (800) acres EIGHT HUNDRED acres then "Swarek" will proceed in any other legal collection efforts "Swarek" may have available.

"Pittman and "Farms" agrees that in the event Loans (Loan 2013-A), (Loan 2013-E), (3 Brothers Farms 2013 Soybean Loan) and or (Loan 2013-D) as described herein are in default "Swarek" may at his option discontinue funding on any loan that has not been funded at the time of any such default.

"Pittman" and "Farms" hereby with their signatures to this amended agreement grant a limited Power of Attorney to "Swarek" and give permission for "Swarek" to sign on behalf of "Pittman" and "Farms", to perform on behalf of "Pittman" and "Farms", and or obtain any information on behalf of "Pittman" and "Farms", in connection to the following, All grain elevators that "Pittman" and or "Farms" delivers grain to or contracts to deliver grain. All government agencies that are in connection with "Pittman" and "Farms" including but not limited to FSA, NRCS, and other offices.  All crop insurance companies that have insured "Pittman" and "Farms" for crop years 2012, 2013 and 2014.  "Pittman" and "Farms" give full authority to "Swarek" to endorse on behalf of "Pittman" and "Farms" all checks that are received by "Pittman" and "Farms" for crop proceeds, FSA checks, NRCS checks, crop insurance checks or other checks that are the result of farming by "Pittman" and "Farms", and apply any such proceeds to the debt due to

"Swarek" from "Pittman" and "Farms". "Pittman" and "Farms" agrees and gives its permission for all crops insurance checks, grain checks to be sent directly to "Swarek" by all grain elevators and or crop insurance companies.

"Pittman" fully understands she is pledging her (800) acres for (Loan 2013-A), (Loan 2013-D), (Loan 2013-E Soybeans), (Loan 2013 3 Brothers Farms Soybean Loan), totaling $617,165.44 (SIX HUNDRED SEVENEEN THOUSAND ONE HUNDRED SIXTY-FIVE DOLLARS AND 44/100).

It is understood and agreed by all parties that "Pittman" is pledging her (800) acres EIGHT HUNDRED acres of land that is now pledged in 2012 to "Swarek" as additional collateral to the above described notes, (Loan 2013-A $288,558.62), (Loan 2013-D $474,420.00), (Loan 2013-E Soybeans $133,348.95), (Loan 2013 3 Brothers Farms Soybean Loan $617,165.44), all loans totaling $1,513,493.01 (ONE MILLION FIVE HUNDRED THRITEEN THOUSAND FOUR HUNDRED NINETY-THREE DOLLARS AND 01/100) and are due to "Swarek" on the due dates shown above for each note.  In the event no payments or partial payments are received on any of the (Loan 2013-A), (Loan 2013-D), (Loan 2013-E Soybeans), (Loan 2013 3 Brothers Farms Soybean Loan) described above by their respective due dates then any amounts due and owing and all reasonable attorney fee's incurred by "Swarek" in the collection process will be added to the balance due and that balance shall be foreclosed by "Swarek's" Mortgage.

It is understood by all parties that in the event "Farms", "3 Brothers" and or "Pittman" makes no payments or partial payments toward (Loan 2013-A), (Loan 2013-D), (Loan 2013-E Soybeans), (Loan 2013 3 Brothers Farms Soybean Loan) by their due dates as stated above, then "Swarek" will proceed with legal collection and "Pittman" and "Farms" agree to pay all reasonable attorney fee's incurred by "Swarek" in the collection process of (Loan 2013-A), (Loan 2013-D), (Loan 2013-E Soybeans), (Loan 2013 3 Brothers Farms Soybean Loan).  Any cost of collection and attorney fees incurred by "Swarek" will be added to the balance due on any of the (Loan 2013-A), (Loan 2013-D), (Loan 2013-E Soybeans), (Loan 2013 3 Brothers Farms Soybean Loan) due to "Swarek" and that balance shall be foreclosed by "Swarek's" Mortgage on "Pittman's" (800) acres EIGHT HUNDRED acres, and in the event there is any deficiency after "Swarek" foreclosures on "Pittman's" (800) acres EIGHT HUNDRED acres then "Swarek" will proceed in any other legal collection efforts "Swarek" may have available.

"Farms" and "Pittman" does hereby fully and finally release and forever discharge and exonerate "Swarek", his agents, employees, representatives, successors and assigns from any and all debts, obligations, claims, counterclaims, demands, liens, causes of action, rights and/or equities which "Farms" and "Pittman" may have against "Swarek" at law, or in equity, in connection with or by virtue of any and all transactions between "Swarek" and "Farms" and "Pittman" for acts performed or permitted to be performed or any and all omissions or failures to perform by "Swarek" which affect or might affect "Farms" and "Pittman" from beginning of time to the date of this Agreement including, but no limited to, any and all acts or omissions in connection with the loan agreement of March 22, 2012 (DOC28-1) as amended and all matters raised in any document or pleading filed by Pittman in the cause number 12-10810 in the United States Bankruptcy Court for the Northern District of Mississippi.

"Pittman" acknowledges that their attorney has explained the terms of this release to them. Nothing contained herein is to be deemed or construed as an admission by "Swarek" that he or any of his agents or employees did anything wrong or committed any illegal act regarding "Pittman".

This agreement is the entire agreement and no prior verbal or future verbal agreements if applicable to this agreement will be valid.

"Pittman" and "Farms" acknowledges the receipt of independent counsel who has fully and adequately explained the nature and extent of the obligations and agreements undertaken.

All parties agree the jurisdiction of any litigation that would arise and commence by any of the parties to this Amendment Agreement is to the Circuit Court of Humphreys County, Mississippi.

This agreement may only be altered in the form of a written agreement executed by all parties.

_____

Patsy H. Pittman, Individually

STATE OF MISSISSIPPI
COUNTY OF _____

Personally appeared before me, the undersigned authority in and for said County and State, on this the ___day of April, 2013, within my jurisdiction, the within named **Patsy H. Pittman**, who acknowledged before me that she executed the above and foregoing instrument on the day and year therein written and for all purposes therein stated.

_____
**Notary Public**
**My Commission Expires:**

_____
Thomas L. Swarek

STATE OF MISSISSIPPI
COUNTY OF HARRISON


      Personally appeared before me, the undersigned authority in and for said County and State, on this the ___ day of April, 2013, within my jurisdiction, the within named **Thomas L. Swarek**, who acknowledged before me that he executed the above and foregoing instrument on the day and year therein written and for all purposes therein stated.


                              _____
                              **Notary Public**
                              **My Commission Expires:**


## <u>PITTMAN AND CO FARMS, A JOINT VENTURE OF EASTER LILY FARMS, INC, DIXIE LEE FARMS, INC., TWO SISTERS FARMS, INC. AND BEALE STREET FARMS, INC.</u>


_____
Easter Lily Farms, Inc.

Name:_____

Title:_____


STATE OF MISSISSIPPI
COUNTY OF _____

      Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **Easter Lily Farms, Inc.**, a Mississippi Corporation, by and through its duly authorized member, **Paige P. Miller**, who as a President of the Mississippi Corporation acknowledged to and before me that she signed and delivered the above and foregoing instrument on the day and year therein mentioned as the act and deed of the above named Mississippi Corporation after first being duly authorized so do to.

      GIVEN under my hand and official seal of office, this the ___ day of April, 2013.


                              _____
                              Notary Public
                              My Commission Expires:

## PITTMAN AND CO FARMS, A JOINT VENTURE OF
## EASTER LILY FARMS, INC, DIXIE LEE FARMS, INC.,
## TWO SISTERS FARMS, INC. AND BEALE STREET FARMS, INC.


_____

Two Sisters Farms, Inc.

Name:_____

Title:_____


STATE OF MISSISSIPPI
COUNTY OF _____

     Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **Two Sisters Farms, Inc.**, a Mississippi Corporation, by and through its duly authorized member, **<u>Donna H. Dees</u>**, who as a President of the Mississippi Corporation acknowledged to and before me that she signed and delivered the above and foregoing instrument on the day and year therein mentioned as the act and deed of the above named Mississippi Corporation after first being duly authorized so do to.

     GIVEN under my hand and official seal of office, this the ___ day of April, 2013.


                            _____
                            Notary Public
                            My Commission Expires:

## PITTMAN AND CO FARMS, A JOINT VENTURE OF EASTER LILY FARMS, INC, DIXIE LEE FARMS, INC., TWO SISTERS FARMS, INC. AND BEALE STREET FARMS, INC.

_____

Beale Street Farms, Inc.

Name:_____

Title:_____

STATE OF MISSISSIPPI
COUNTY OF _____

       Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **Beale Street Farms, Inc.**, a Mississippi Corporation, by and through its duly authorized member, **Patsy H. Pittman**, who as a President of the Mississippi Corporation acknowledged to and before me that she signed and delivered the above and foregoing instrument on the day and year therein mentioned as the act and deed of the above named Mississippi Corporation after first being duly authorized so do to.

       GIVEN under my hand and official seal of office, this the ___ day of April, 2013.

                          _____
                          Notary Public
                          My Commission Expires:

_____

Ty Pittman, authorized Agent for
Pittman and Co. Farms, a Joint Venture


STATE OF MISSISSIPPI
COUNTY OF _____

     Personally appeared before me, the undersigned authority in and for said County and
State, on this the ___day of April, 2013, within my jurisdiction, the within named
**Ty Pittman**, who acknowledged before me that he executed the above and foregoing instrument
on the day and year therein written and for all purposes therein stated.


                                           _____
                                           **Notary Public**
                                           **My Commission Expires:**


Craig Geno agrees and approves the above Amended Agreement and all its
supporting documents necessary to complete the above Amended Agreement
as attorney for "Pittman". Craig Geno agrees to execute an agreed order to be
filed in the bankruptcy court that approves the Amended Agreement and all
its supporting documents for the bankruptcy judge to sign.


_____  Date:_____
Craig Geno Attorney for Pittman

# LOAN AGREEMENT

This agreement made and entered into this April 25, 2013 by and between Thomas L. Swarek, of 1261 Pass Road, Gulfport MS 39501 hereinafter referred to as "Swarek" and 3 Brothers Farms a Joint Venture Federal Tax Id # 46-2248528 between Cajun Farm, Inc., Commodore Farm, Inc. and Capitol Farm, Inc., , of P.O. Box 132 Darling, MS 38623, phone number 662-934-1041 and hereinafter referred to as "3 Brothers" and Patsy H. Pittman of P.O. Box 160, Darling MS 38623 hereinafter referred to as "Pittman".

Whereas "3 Brothers" is desirous in borrowing from "Swarek" the following amounts and desirous in "Swarek" furnishing certain products for farming approximately (2,192) TWO THOUSAND ONE HUNDRED NINTEY-TWO ACRES of farmland in soybeans on Farm Serial #'s: #574 Dale Brown, #2382 Wuford, #2383 Bulliner, #2450 Don Dees.

Therefore "3 Brothers" agrees to execute a Promissory Note in the amount of $617,165.44 (SIX HUNDRED SEVENEEN THOUSAND ONE HUNDRED SIXTY-FIVE DOLLARS AND 44/100) WITH (12% APR interest) accruing from the date of Promissory Note with a ($19,917.44 loan origination fee) for the following loan.

## 3 BROTHERS FARMS 2013 SOYBEAN LOAN

| | | |
|---|---|---|
| 1. | $127,136.00 | Soybean Seed to be disbursed by "Swarek directly to provider upon written request of "3 Brothers". |
| 2. | $ 32,880.00 | Fungicide to be furnished by "Swarek". |
| 3. | $ 78,912.00 | Herbicide to be furnished by "Swarek". |
| 4. | $ 10,960.00 | Insecticide to be furnished by "Swarek". |
| 5. | $ 43,840.00 | Custom work to be disbursed to "3 Brothers" upon written request. |
| 6. | $ 54,800.00 | Fuel/Diesel to be disbursed to "3 Brothers" distributor upon written request. |
| 7. | $ 21,920.00 | Labor to be disbursed to "3 Brothers". |
| 8. | $ 54,800.00 | Harvest to be disbursed on or before September 15, 2013 upon written request of "3 Brothers". |
| 9. | $128,000.00 | Farm Equipment payment to be disbursed to "Swarek" by "Swarek" for Equipment Loan payment Agreement April 9, 2012, payment due on or before March 1, 2013. |
| 10. | $ 24,000.00 | Cropland rent Patsy Pittman due to be disbursed $2,000.00 per month beginning June 1, 2013. |

EXHIBIT D

Page 1 of 9

| 11. | $ 20,000.00 | 8420 Tractor Payment paid to "Swarek" by "Swarek". |
| 12. | $ 19,917.44 | Loan Origination Fee due to "Swarek" to be disbursed to "Swarek" by "Swarek". |

3 Brothers Farms 2013 Soybean Loan Total   $617,165.44
Soybean Funding 2013, to be repaid and due by "3 Brothers" on or before October 15,2013
according to the Promissory Note to be executed in favor of "Swarek" by "3 Brothers".

"Pittman" agrees to further secure this Loan Agreement to "3 Brothers" from "Swarek" with a Promissory Note and Deed of Trust in the amount of $617,165.44 (SIX HUNDRED SEVENEEN THOUSAND ONE HUNDRED SIXTY-FIVE DOLLARS AND 44/100), on the (800 acres) of farmland in Quitman County, Mississippi.

"3 Brothers" and "Pittman" agrees to and will immediately execute or cause to be executed all documents, Promissory Notes, UCC-1 / UCC-1F Financings Statements, Security Agreements, Assignments of FSA Direct and Sure FSA Payments, Mississippi Form CCC-36 Assignment of Payments NRCS-CPA 1286 for Conservation Programs and Assignment of Payments owned by "Pittman" and "3 Brothers" and on the rental land the wheat and soybean is planted on by "Pittman" and "3 Brothers". All documents, Promissory Notes, UCC-1 / UCC-1F Financings Statements, Security Agreements to be approved by "Swarek" and presented to "Pittman" and "3 Brothers" for legal proper signatures in favor of "Swarek", and that "Swarek" deems necessary to secure the 2013 funding.

"3 Brothers" agrees that any grain elevator check proceeds or crop insurance proceeds that are due to "3 Brothers" will be mailed to "Swarek" at #8 Bayou Place, Gulfport MS 39503, or "Swarek" has permission to pick up any proceeds due to "3 Brothers" directly from any crop insurance company or grain elevator.

"3 Brothers" agrees that in the event (3 Brothers 2013 Soybean Loan) as described herein is in default "Swarek" may at his option discontinue funding for any portion of the (3 Brothers 2013 Soybean Loan) that has not been funded at the time of default.

"3 Brothers" agrees that any amounts collected for soybean crops, FSA payments of any kind, and crop insurance payments of any kind should be first applied to the "3 Brothers" 2013 Soybean Loan as described above and any amount of money left after such application of funds shall then be applied to the "Pittman" (2013-D Loan) in the amount of ($474,420.00) FOUR HUNDRED SEVENTY-FOUR THOUSAND FOUR HUNDRED TWENTY AND NO/100.

All of the funding provided by "Swarek" to "Pittman" and "3 Brothers" that is described in this Loan Agreement will be secured by but not limited to the following documents and or instruments to be provided by "Pittman" and "3 Brothers" to "Swarek", and "Pittman" and "3 Brothers" will cause any documents presented by "Swarek" to be immediately and legally properly executed, or "Swarek" can discontinue any funding and declare all loans due and payable immediately.

A. Deed of Trust on approximately (800) Eight Hundred acres of farmland owned by "Pittman" and hereinafter referred to as "Land", and a Lender Title Insurance Policy in favor of "Swarek".

B. First Assignment on approximately ($100,000.00) One Hundred Thousand Dollars in direct government payments due to "3 Brothers" from its 2013 Farm Plan in Quitman County Mississippi.

C. First Assignment on any FSA SURE payment that will be due to "3 Brothers" in the Quitman County Mississippi for the year 2012due to "Pittman" and "3 Brothers".

D. A First Assignment on all crops planted on approximately (2,192 acres) Two Thousand One Five Hundred Ninety-Two acres to be farmed by "Pittman" and "3 Brothers" in 2013 in Quitman County and hereinafter referred to as "Crops", along with executed UCC-1 Farm for the State of Mississippi, County of Quitman.

E. A First Assignment on all crop insurance for wheat, soybeans and corn that "Pittman" and "3 Brothers" has procured for 2013.

F. Promissory Note executed by "Pittman" and "3 Brothers" in favor of "Swarek.

G. A First and or Second lien on all equipment owned by "Pittman" and "Farms" including but not limited to Power units, ect.

H. A First Assignment on all crop insurance for all crops planted on approximately (2,192 acres) Two Thousand One Five Hundred Ninety-Two acres to be farmed by "Pittman" and "3 Brothers" in 2013 in Quitman County and hereinafter referred to as "Crop Ins".

I. Letters authorizing the release of all information regarding but not limited to FSA, NRCS, Crop Insurance, to "Swarek" from "Pittman" and "3 Brothers".

J. Copies of Minutes from all "3 Brothers" corporations and "Three Brothers" Joint Venture approving all transactions herein.

    All parties agree in the event "Swarek" determines he has to provide to "Pittman" and "3 Brothers" additional lending or to perform work or purchase material for and on behalf of or for benefit of "Pittman" and "3 Brothers" over the amounts specified in 2013 3 Brothers Farms 2013 Soybean Loan funding that "Swarek" may add any such funding to the principal of any outstanding loan or loans of "Swarek's" choice that "Swarek" has in place at the time of such funding and said funding will be subject to the same terms, fees and conditions as the Promissory Note or loan that additional funding amount was added to.

    All parties agree that in the event "Swarek" should determine he has to expend money to protect the crops grown or the collateral used for any loans to "Pittman" and "3 Brothers" by "Swarek that "Swarek" may add any such amounts expendable by "Swarek to the principal of any outstanding loan or loans of "Swarek's" choice that "Swarek" has in place at the time of such funding and said emergency lending will be subject to the same terms, fees and conditions as the Promissory Note or loan that additional funding amount was added to.

    "Pittman" and "3 Brothers" hereby with their signatures to this Loan Agreement grant a limited Power of Attorney to "Swarek" and give permission for "Swarek" to sign on behalf of "Pittman" and "3 Brothers", to perform on behalf of "Pittman" and "3 Brothers", and or obtain any information on behalf of "Pittman" and "3 Brothers", in connection to the following, All grain elevators that "Pittman" and or "3 Brothers" delivers grain to or contracts to deliver grain. All

government agencies that are in connection with "Pittman" and "3 Brothers" including but not limited to FSA, NRCS, and other offices. All crop insurance companies that have insured "Pittman" and "3 Brothers" for crop years 2013 and 2014. "Pittman" and "3 Brothers" give full authority to "Swarek" to endorse on behalf of "Pittman" and "3 Brothers" all checks that are received by "Pittman" and "3 Brothers" for crop proceeds, FSA checks, NRCS checks, crop insurance checks or other checks that are the result of farming by "Pittman" and "3 Brothers", and apply any such proceeds to the debt due to "Swarek" from "Pittman" and "3 Brothers". "Pittman" and "3 Brothers" agrees and gives its permission for all crops insurance checks, grain checks to be sent directly to "Swarek" by all grain elevators and or crop insurance companies

"Pittman" and "3 Brothers" agree to execute any further documents required of them by "Swarek" to carry out the terms of this agreement.

It is understood and agreed by all parties that "Pittman" is pledging her (800) acres EIGHT HUNDRED acres of land that is now pledged in 2012 to "Swarek" as additional collateral to the above described Promissory Note, 3 Brothers Farms 2013 Soybean Loan and are due to "Swarek" on or before October 15, 2013. In the event no payments or partial payments are received on any of the 3 Brothers Farms 2013 Soybean Loan described above by the due date then any amounts due and owing and all reasonable attorney fee's incurred by "Swarek" in the collection process will be added to the balance due and that balance shall be foreclosed by "Swarek's" Mortgage.

"Pittman" fully understands she is pledging her (800) acres for Three Brothers Farms 2013 Soybean Loan, totaling $616,565.44 (SIX HUNDRED SIXTEEN THOUSAND FIVE HUNDRED SIXTY-FIVE DOLLARS AND 44/100) required by "Swarek" to fund this Loan Agreement.

It is understood by all parties that in the event "3 Brothers" and or "Pittman" makes no payments or partial payments by October 15, 2013 toward 3 Brothers Farms 2013 Soybean Loan, totaling $617,165.44 (SIX HUNDRED SEVENEEN THOUSAND ONE HUNDRED SIXTY-FIVE DOLLARS AND 44/100) due to "Swarek", then in that event the Three Brothers Farms 2013 Soybean Loan totaling $617,165.44 (SIX HUNDRED SEVENEEN THOUSAND ONE HUNDRED SIXTY-FIVE DOLLARS AND 44/100) that remains due and owing to "Swarek" after "3 Brothers" and or "Pittman" payments are applied, "Swarek" will proceed in collection efforts and "Pittman" and "3 Brothers" agree to pay all reasonable attorney fee's incurred by "Swarek" in the collection process of 3 Brothers Farms 2013 Soybean Loan. Any cost of collection and attorney fees incurred by "Swarek" will be added to the balance due on any of the 3 Brothers Farms 2013 Soybean due to "Swarek" and that balance shall be foreclosed by "Swarek's" Mortgage on "Pittman's" (800) acres EIGHT HUNDRED acres, and in the event there is any deficiency after "Swarek" foreclosures on "Pittman's" (800) acres EIGHT HUNDRED acres then "Swarek" will proceed in any other legal collection efforts "Swarek" may have available.

"Pittman" and "3 Brothers" acknowledges the receipt of independent counsel who has fully and adequately explained the nature and extent of the obligations and agreements undertaken.

All parties agree the jurisdiction of any litigation that would arise and commence by any of the parties to this Amendment Agreement is to the Circuit Court of Humphreys County, Mississippi.

"3 Brothers" and "Pittman" understands and agrees that the loan documents being executed herewith constitute the entire Loan Agreement between "3 Brothers" and "Pittman" and "Swarek" and any and all prior written and oral agreements or contemporaneous oral agreement that contradict any provisions contained within the loan documents are expressly rejected in favor of the provisions contained within the loan documents being executed herewith.

This agreement may only be altered in the form of a written agreement executed by all parties.

_____                    _____
Patsy H. Pittman, Individually                    Thomas L. Swarek


STATE OF MISSISSIPPI
COUNTY OF _____


     Personally appeared before me, the undersigned authority in and for said County and State, on this the ___day of April, 2013, within my jurisdiction, the within named **Patsy H. Pittman**, who acknowledged before me that she executed the above and foregoing instrument on the day and year therein written and for all purposes therein stated.


                                      _____
                                        **Notary Public**
                                        **My Commission Expires:**


STATE OF MISSISSIPPI
COUNTY OF HARRISON


     Personally appeared before me, the undersigned authority in and for said County and State, on this the ___day of April, 2013, within my jurisdiction, the within named **Thomas L. Swarek**, who acknowledged before me that he executed the above and foregoing instrument on the day and year therein written and for all purposes therein stated.


                                        _____
                                        **Notary Public**
                                        **My Commission Expires:**

## 3 BROTHERS FARMS , A JOINT VENTURE OF CAJUN FARM, INC., COMMODORE FARM, INC., AND CAPITOL FARM, INC.

_____

Cajun Farm, Inc.

Name:_____

Title:_____

STATE OF MISSISSIPPI
COUNTY OF _____

      Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **Cajun Farm Inc.,** a Mississippi Corporation, by and through its duly authorized member, **Lloyd C. Lee,** who as a President of the Mississippi Corporation acknowledged to and before me that he signed and delivered the above and foregoing instrument on the day and year therein mentioned as the act and deed of the above named Mississippi Corporation after first being duly authorized so do to.

      GIVEN under my hand and official seal of office, this the ___ day of April, 2013.

_____
Notary Public
My Commission Expires:

## 3 BROTHERS FARMS , A JOINT VENTURE OF CAJUN FARM, INC., COMMODORE FARM, INC., AND CAPITOL FARM, INC.

_____

Commodore Farm, Inc.

Name:_____

Title:_____


STATE OF MISSISSIPPI
COUNTY OF _____

        Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **Commodore Farm, Inc.,** a Mississippi Corporation, by and through its duly authorized member, **Michael P. Lee,** who as a President of the Mississippi Corporation acknowledged to and before me that he signed and delivered the above and foregoing instrument on the day and year therein mentioned as the act and deed of the above named Mississippi Corporation after first being duly authorized so do to.

        GIVEN under my hand and official seal of office, this the ___ day of April, 2013.


        _____
        Notary Public
        My Commission Expires:

## 3 BROTHERS FARMS , A JOINT VENTURE OF CAJUN FARM, INC., COMMODORE FARM, INC., AND CAPITOL FARM, INC.

_____

Capitol Farm, Inc.

Name:_____

Title:_____

STATE OF MISSISSIPPI
COUNTY OF _____

       Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **Capitol Farm, Inc.,** a Mississippi Corporation, by and through its duly authorized member, **Hunter Lee**, who as a President of the Mississippi Corporation acknowledged to and before me that he signed and delivered the above and foregoing instrument on the day and year therein mentioned as the act and deed of the above named Mississippi Corporation after first being duly authorized so do to.

       GIVEN under my hand and official seal of office, this the ___ day of April, 2013.

                              _____
                              Notary Public
                              My Commission Expires:

Craig Geno agrees and approves the above 3 Brothers Farms Loan Agreement to be executed by 3 Brothers Farms and Patsy Pittman and all its supporting documents necessary to complete the above 3 Brothers Farms Loan Agreement as attorney for "Pittman". Craig Geno agrees to execute an agreed order to be filed in the bankruptcy court that approves the above 3 Brothers Farms Loan Agreement to be executed by 3 Brothers Farms and Patsy Pittman and all its supporting documents for the bankruptcy judge to sign.

_____   Date:_____
Craig Geno Attorney for Pittman