IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:   PATSY H. PITTMAN                                    CHAPTER 11
         Debtor                                              CASE NO. 12-10810-JDW

## MOTION FOR RULE 2004 EXAMINATION

COMES NOW Patsy H. Pittman (the "Debtor" or "Movant") and files this her Motion for Rule 2004 Examination (the "Motion"), and in support thereof would respectfully show as follows, to-wit:

1. Movant is the duly qualified, and acting, Debtor-in-Possession in this Chapter 11 case.

2. The Debtor is the owner of certain farm land that is used in conjunction with and by other entities for farming. These entities are Pittman and Co. Farms, a Joint Venture of Easter Lily Farms, Inc., Dixie Lee Farms, Inc., Two Sisters Farms, Inc and Beale Street Farms, Inc. (the "Farms Group"). Farms Group is the series of entities that farms row crops in and around the Quitman County, Mississippi, area, including the Debtor's farm land.

3. The Debtor owned 100% of Beale Street Farms, Inc., which is a 25% owner of Pittman & Co. Farms. Additionally, the Debtor has an account receivable from Pittman & Co. Farms in which she collects income for assistance in connection with certain debts she owes to secured creditors.

4. Prior to the filing of the Petition herein, the Debtor owed Johnson Brothers Rental Company, LP a/k/a Johnson Brothers Realty ("Johnson") certain indebtedness secured by a lien upon property owned by the Debtor. On information and belief, the Debtor, and perhaps Farms Group,

owed Johnson debts in connection with secured debts and production loans for 2012 crops grown by the Farms Group. The Debtor also owes Johnson long term indebtedness secured by a first lien in favor of Johnson upon the Debtor's farm land.

5. The Debtor, and the Farms Group have also entered into financing arrangements with Thomas Swarek ("Mr. Swarek") regarding financing of the farming operation of Farms Group, assistance with the financing that the Debtor owes Johnson and other loans and supports. Among other things, Mr. Swarek has liens and security interests in and upon substantially all of the assets of the Farms Group and subordinate liens upon assets of the Debtor.

6. Farms Group is owed certain funds in connection with crop insurance claims that it has filed. Mr. Swarek has liens and security interests in and upon substantially all of the crop insurance proceeds.

7. In light of the Debtor's interest in, and dependence upon, the Farms Group to farm her farm land and to pay the indebtedness to Johnson and Mr. Swarek, she has followed claims for crop insurance that have been filed by members of the Farms Group.

8. While Ty Pittman, the Debtor's son, has taken the lead in connection with the pursuit of the crop insurance claims, the Debtor's interests therein are so inextricably intertwined, and funding of the Plan is largely dependent upon payment of, the crop insurance claims, the Debtor has a distinct interest therein.

9. The Farms Group has been unable to secure payment of the crop insurance claims that exist. The crop insurance claims are being adjusted, to the best of the Debtor's knowledge, information and belief, by an entity known as AgriLogic Insurance Services, LLC ("AgriLogic"). The Debtor attaches and incorporates herein by reference as collective **Exhibit "A"** some of the

electronic mail traffic between Ty Pittman and AgriLogic regarding adjustment of the claim and related matters.

10. Only AgriLogic holds the information sought with respect to investigation, evaluation, adjustment and payment of the crop insurance claims of the Farms Group. This information has not been forthcoming despite numerous requests therefor by Ty Pittman. The Debtor, and her creditors, are entitled to such information for the reasons provided for herein above.

11. Despite the promises made in the last email transmission received by Ty Pittman, nothing further has transpired in connection with the adjustment, or payment, of the Farms Group's crop insurance claims. Debtor (and Ty Pittman) is uncertain as to why the adjustment process has taken so long, has been so vague, has not resulted in logical or adequate information or other responses and, as an interested party in the Farms Group, the Debtor is entitled (in part because her Plan is dependent upon crop insurance funding) to information concerning the status of the crop insurance adjustment, and payment, in order to adequately move forward with her financing, and especially her Plan.

12. AgriLogic should be required to designate a representative or representatives thoroughly familiar with the crop insurance claim that has been submitted by members of the Farm Group to testify on behalf of AgriLogic regarding the status of the crop insurance claim. In addition, the representative or representatives should be familiar with the following topics, and produce at least the following :

    (a)    The "claims file";

    (b)    The claims application;

(c)   Statements of any witnesses or third parties obtained by AgriLogic in connection with evaluation, investigation and adjustment of the crop insurance claim;

(d)   Correspondence, memoranda, electronic mail communication and all other communications by, between and among AgriLogic, Ty Pittman, the Farms Group and third parties regarding the investigation, evaluation and adjustment of the crop insurance claim;

(e)   Any other documents that mention, pertain to, discuss or otherwise have anything to do with the crop insurance claim;

(f)   Reasons substantiating the lengthy delay in the adjustment process;

(g)   Evaluations, projections and recommendations with respect to the payment of the crop insurance claim.

13.   The Debtor requests that the Rule 2004 examination occur on July 8, 2013, at the Law Offices of Craig M. Geno, PLLC, 587 Highland Colony Parkway, Ridgeland, Mississippi 39157, at 9:30 a.m. on that date, or such other date as the Court, or the parties, may set or agree.

14.   Other grounds to be assigned.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays that this Honorable Court will sustain the Motion. The Debtor prays for general relief.

THIS, the 6⁰ day of June, 2013.

                          Respectfully submitted,

                          **PATSY H. PITTMAN**

                          By Her Attorneys,

                          LAW OFFICES OF CRAIG M. GENO, PLLC

                          By: /s/ Craig M. Geno
                               Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile

F:\Users\Bankrupt\Pittman, Patsy\Pleadings\Motion - Rule 2004 Exam.wpd

## CERTIFICATE OF SERVICE

    I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

    Margaret Middleton, Esq.
    Margaret.Middleton@usdoj.gov

    AgriLogic Insurance Services, LLC
    c/o National Registered Agents, Inc.
    645 Lakeland East Drive, Suite 101
    Flowood, MS 39232

    Joe Davis, President
    AgriLogic Insurance Services, LLC
    1000 Ballpark Way, Suite 314
    Arlington, TX 79011
    jdavis@agrilogic.com

    Melvin Green, National Claims Manager
    AgriLogic Insurance Services, LLC
    10581 Barkley, Suite 100
    Overland Park, KS  66212
    mgreen@agrilogic.com

    Alan Peterson, National Compliance Manager
    AgriLogic Insurance Services, LLC
    10581 Barkley, Suite 100
    Overland Park, KS  66212
    apeterson@agrilogic.com

THIS, the _____ day of July, 2013.

                                                                          /s/ Craig M. Geno
                                                                     Craig M. Geno

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:   PATSY H. PITTMAN                                            CHAPTER 11
         Debtor                                           CASE NO. 12-10810-JDW

# EXHIBIT "A"

From: Ty Pittman [mailto:pittmanty@gmail.com]
Sent: Monday, May 20, 2013 2:08 PM
To: Jarret Nichols
Subject: Fwd: RE: Pittman &Co farms.

---------- Forwarded message ----------
From: "Alan Petersen" <apetersen@agrilogic.com>
Date: May 9, 2013 3:23 PM
Subject: RE: Pittman &Co farms.
To: "Ty Pittman" <pittmanty@gmail.com>

Mr. Pittman

This is to write and let you know that we will be working to finalize your claim next week, I am having Ryan Johnston bring his data and information to Overland Park and we will get this worked out.

If you have any questions in the mean time please give me a call.

Alan "Butch" Petersen

Director of Compliance

AgriLogic Insurance Services, LLC

913-982-1371 office

913-486-9886 mobile

From: Ty Pittman [mailto:pittmanty@gmail.com]
Sent: Sunday, March 17, 2013 1:30 PM
To: Alan Petersen
Subject: RE: Pittman &Co farms.

Mr. Peterson,
My last conversation with RMA was to communicate directly with Agri Logic. That they were through with collecting information on the anonymous complaint. I gave him all the info needed. Some things were abnormal but not illegal or misrepresentative in any manner on our production. We farmed in a husbandry like manner, mares some errors in record keeping for replant which led to us withdrawing it, and there's know reason for this claim not to be paid except for bad faith. You said last Monday you would get back with me last week, and you didn't. I feel there are no further options but to notify deputy director of administration FCIC office in Washington to aquire a


EXHIBIT A

meeting on why your company refuses to make a determination on this claim. I do understand that RMA was by rules having to run it by OIG . There is no where in FCIC handbook that states the AIP can sit on a claim with no response because OIG might be investigating.
Please respond asap to the status of your companies handling of this claim
Thank you.

On Mar 15, 2013 4:06 PM, "Ty Pittman" <pittmanty@gmail.com> wrote:

Butch, I hadn't heard anything further and was needing a determination and decision where this was going. I realize that other parties had their respective interest that had to be completed but now our organization cannot wait any further without any communications or determination toward completing this claim. Please return with some update towards this claim in good faith for the client.
Thank you.

On Mar 11, 2013 9:39 AM, "Ty Pittman" <pittmanty@gmail.com> wrote:

Also the load that was stolen contained 905 bushels that should be applied to our farm # 2690.
Thank you.

On Mar 11, 2013 8:51 AM, "Alan Petersen" <apetersen@agrilogic.com> wrote:

I am looking at this today, I was unable to give it any attention since I got the file from Ryan due to prior commitments. I will be getting back with you this week.


Alan "Butch" Petersen

Director of Compliance

AgriLogic Insurance Services, LLC

913-982-1371 office

913-486-9886 mobile


From: Ty Pittman [mailto:pittmanty@gmail.com]
Sent: Monday, March 11, 2013 7:58 AM
To: apetersen@agrilogic.com
Cc: Melvin Green
Subject: Pittman &Co farms.


Butch, per my last conversation with Ryan , our claim was given to agrilogic compliance and compliance would contact us. We've had no response. We have been in contact with Mr Johnston RMA compliance. He last communications was for us to contact Agri Logic for further information regarding our claim, in status and information on file. He has found a unreported load that was stolen. It was proven stolen by the USDA, MS, DISTRICT3 investigator, Stan Baglan. I also have retained records or lack of documentation on inspections and preharvest counts. Also that there were adjusters on site without farm knowledge. I've had appraisals done in past and should've had a copy the day it was done. I have an email ,dated weeks after counts were taking , by Kenny Sullivan that information had not been completed yet. The RMA question on the replant has been explained. I was under extreme circumstances at that time and unsure of any acres, sacks purchased for replant and realized we had touched up to early prior to inspection. This is why we with drew our replant. We have affidavit from agent stating

we tried to withdraw during the summer after Adjuster visit and were told Van would get back with us and we could withdraw at that time. We never suspected he would wait until the end of harvest to do so. Much less come for replant signature without us proving seed tickets and stating how many acres were planted. He just came for signature based on a sticky note. That's not policy rules and his lack of follow up was determined on our part that replant was cancelled. Mr Jim J seems to have run his course and told me by his rules he has to run by OIG to view for any fraud. I don't see any unless by Van Tharpe, but we will address any of there concerns. However we are looking for a response from agrilogic compliance to give us all dates of inspection and appraisal counts in our file. All I can see is the replant call from Van on 5/25, visit from Adjuster on 5/30. Rain delay on visit. Ryan opening harvest loss in Oct notes and notes on RMA participating in high loss review on 11/24. RMA non participation and claim being completed by Ryan on 12/4.

   We ask that this indemnity be paid or a denial with reasons be given. I know you'll tend to this with hast. William Cole told me you'll get the job done promptly. I await for a response. Our premium payment time limit is running and if Jim J is complete then it should free Agri Logic for reinsurance. I don't see OIG following up on something that was withdrawn and the only seed invoice given to adjusters was a sticky note. Production has had full disclosure and is correct. We did sell some corn via an employees broker for financial reasons but we're all turned in to your co. Excluding the load that was stolen. All of this was resolved along with the farm # issue, which we also did not initiate. Mr Stan Baglan # 601-278-4028. He will varify and is waiting for your response to determine prosecution direction.

Thank you and I'll wait for a response.
Ty Pittman